IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CONCORD MUSIC GROUP, INC. ET AL.,

Plaintiffs,

v.

X CORP., D/B/A TWITTER,

Defendant.

Case No. 3:23-cv-00606
District Judge Aleta A. Trauger

**[PROPOSED] INITIAL CASE MANAGEMENT ORDER**

A. JURISDICTION: This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

B. BRIEF THEORIES OF THE PARTIES:

    1. PLAINTIFFS:

Plaintiffs are major and independent music publishing companies who own or control exclusive rights under copyright to musical compositions, including those listed in Exhibit A to the Complaint. Defendant owns and operates an online platform (today known as "X" and formerly "Twitter"). While Defendant's competitors have obtained licenses for the use of musical compositions on their platforms, Defendant has not, but commercializes them anyway.

To compete with other social media and video sharing sites, Defendant actively hosts, promotes, and streams audiovisual files. Many of the files contain unauthorized copies of Plaintiffs' musical compositions. These infringements attract and retain users and drive engagement. Defendant also obtains advertising revenue derived from infringing accounts and posts. And Defendant fails to pay for the necessary licenses that its competitors procure.

Defendant is aware of much more than just general infringement. Plaintiffs, through their counsel at the National Music Publishers' Association, have sent Defendant notices identifying over 300,000 specific infringing posts on its platform and the associated infringing user accounts ("NMPA Notices"). In response, Defendant repeatedly failed to expeditiously remove, or disable access to, the infringing material identified by the NMPA Notices. Defendant also continued to provide its services to known repeat infringers. More infringement thus ensued.

Defendant has directly infringed Plaintiffs' public performance rights. In addition, as to its users' infringement of Plaintiffs' various exclusive copyright rights, Defendant should be found both contributorily and vicariously liable. No affirmative defense applies. Plaintiffs seek injunctive relief, damages, and recovery of their costs and fees. (Plaintiffs recognize that, on March 5, 2024, the Court dismissed Plaintiffs' claims for direct and vicarious infringement.)

2. DEFENDANT: X denies Plaintiffs' factual allegations and claims of copyright infringement. X owns and operates an online social media platform that enables users to post various forms of content in the form of short public entries. X users have the ability to include video (including audio) in a post and to view a video attached to a post. X takes significant steps to prevent copyright infringement on its platform. To post content to the platform, users must agree to X's Terms of Service, which expressly prohibit use of the service for unlawful purposes, including for copyright infringement. X also employs an anti-infringement program by which it educates users about copyright infringement, facilitates the submission of notices from copyright owners pursuant to the DMCA, expeditiously removes complained-of content, processes user counternotifications, and terminates the accounts of repeat infringers in appropriate circumstances.

The Court has already dismissed Plaintiffs' direct infringement and vicarious liability claims. With respect to contributory infringement, Plaintiffs cannot prove the claim because X did not encourage, induce, or intend to foster the infringement of Plaintiffs' works. Additionally, X is shielded from Plaintiffs' contributory infringement claim by the safe harbor provisions of the DMCA, 17 U.S.C. § 512(a).

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before May 30, 2024.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before July 17, 2025. The parties shall substantially complete the production of documents on or before March 13, 2025. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. Defendant proposes that each side be limited to 40 requests for production and 40 requests for admission, to promote judicial efficiency and to provide the parties with a more practical framework for managing discovery. Plaintiffs' position is that the Defendant's proposal is unnecessary and inefficient, insofar as the federal and local rules do not set numerical limits for RFPs and RFAs, instead regulating such discovery under principles of relevance, reasonableness, and proportionality, and that discovery proceeds in a more orderly fashion with requests that are more specific/less broad. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

3

Case 3:23-cv-00606   Document 98   Filed 05/08/24   Page 3 of 7 PageID #: 574

G. AMENDMENTS: The parties shall file motions to amend the pleadings on or before November 13, 2024. Notwithstanding the foregoing deadline, on or before January 13, 2025, Plaintiffs may file an amended Complaint solely to make changes related to Exhibit A to the Complaint (the list of musical works at issue) and the parties named as Plaintiffs.

H. DISCLOSURE OF EXPERTS: Plaintiffs and Defendant shall identify and disclose initial expert witnesses and expert reports on or before August 28, 2025. Plaintiffs and Defendant shall disclose rebuttal expert witnesses and expert reports on or before October 30, 2025. Defendant proposes that Local Rule 39.01(c)(5) be modified to permit the parties to have four (4) expert witnesses per side, in total, unless the other side consents or more are needed for good cause. Plaintiffs agree that the parties should be permitted to have up to four expert witnesses per side but that the parties should be able to have additional experts, if they are necessary, as rebuttal witnesses to the opposing party's experts, which would not be subject to Defendant's proposed four (4) expert limit. The parties are likely to have several opening expert witnesses in different areas and Plaintiffs, at least, do not yet know whether they will need additional experts in rebuttal to Defendant's experts, and believe Defendant's proposed limit may precipitate disputes and unfairly force premature disclosure of the areas of expert testimony.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before January 15, 2026.

J. JOINT MEDIATION REPORT: The parties will discuss the prospect of engaging in a formal mediation toward the end of fact discovery or earlier, if agreed to. Following this discussion, the parties will file a Joint Mediation Report that informs the court whether they will be mediating and, if so, the name of the mediator and the date scheduled for the

4

mediation. The Joint Mediation Report will be filed after the close of fact discovery, on or before July 24, 2025, assuming a July 17, 2025 close of discovery.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before February 12, 2026. Responses to dispositive motions shall be filed on or before March 26, 2026. Optional replies may be filed on or before April 16, 2026. Briefs shall not exceed 20 pages unless the parties seek the Court's approval for an agreed-upon enlargement of the 20-page allotment for dispositive motion briefs given the number of issues that may be involved in their respective motions for summary judgment. Other than with respect to ownership and registration (or lack thereof) of the copyrights that Plaintiffs are asserting Defendant has infringed, no motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

L. ELECTRONIC DISCOVERY: The parties are in negotiations as to how to conduct electronic discovery and in the process of negotiating an ESI protocol to govern the format of electronic discovery. The default standard contained in Administrative Order No. 174 need not apply in this case.

M. PROTECTIVE ORDER: The parties anticipate that some of the documents and information to be exchanged in discovery will contain confidential, commercially sensitive, and/or proprietary information. Accordingly, the parties agree that a protective order will be necessary to maintain the confidentiality of said information and will submit a proposed protective order for the Court's consideration at a later date.

N.  ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 15 days.

It is so **ORDERED**.

                                                    _____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

| | |
|---|---|
| /s/ *Aubrey B. Harwell III* (w/p) | /s/ *Steven A. Riley* |
| Aubrey B. Harwell III (No. 017394) | Steven A. Riley (No. 6258) |
| William J. Harbison II (No. 33330) | John R. Jacobson (No. 14365) |
| Olivia Arboneaux (No. 40225) | Tim Harvey, (No. 21509) |
| NEAL & HARWELL, PLC | Grace C. Peck (No. 38558) |
| 1201 Demonbreun Street, Suite 1000 | Riley & Jacobson, PLC |
| Nashville, Tennessee 37203 | 1906 West End Avenue |
| Telephone: (615) 244-1713 | Nashville, TN 37203 |
| tharwell@nealharwell.com | (615) 320-3700 |
| jharbison@nealharwell.com | sriley@rjfirm.com |
| oarboneaux@nealharwell.com | jjacobson@rjfirm.com |
| | tharvey@rjfirm.com |
| Alex Spiro (*pro hac vice*) | gpeck@rjfirm.com |
| Jessica A. Rose (*pro hac vice*) | |
| Dylan I. Scher (*pro hac vice*) | Scott A. Zebrak (*pro hac vice*) |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | Matthew J. Oppenheim (*pro hac vice*) |
| | Keith Howell (*pro hac vice*) |
| 51 Madison Avenue, 22nd Floor | Meredith Stewart (*pro hac vice*) |
| New York, NY 10011 | OPPENHEIM +ZEBRAK, LLP |
| Tel: (212) 849-7000 | 4530 Wisconsin Ave., NW, 5th Floor |
| alexspiro@quinnemanuel.com | Washington, DC 20016 |
| jessicarose@quinnemanuel.com | Telephone: (202) 480-2999 |
| dylanscher@quinnemanuel.com | scott@oandzlaw.com |
| | matt@oandzlaw.com |
| Andrew H. Schapiro (*pro hac vice*) | khowell@oandzlaw.com |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | mstewart@oandzlaw.com |
| 191 N. Wacker Drive, Suite 2700 | |
| Chicago, IL 60606 | |
| Tel: (312) 705-7400 | |
| andrewschapiro@quinnemanuel.com | |

<table>
<tr><td>

David Eiseman (*pro hac vice*)
Linda J. Brewer (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: (415) 875-6600
davideiseman@quinnemanuel.com
lindabrewer@quinnemanuel.com

*Attorneys for Defendant*

</td><td>

Alexander Kaplan (*pro hac vice*)
Carly Rothman (*pro hac vice*)
Andrew Guerra (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
carly@oandzlaw.com
andrew@oandzlaw.com

*Attorneys for Plaintiffs*

</td></tr>
</table>

## CERTIFICATE OF SERVICE

  I hereby certify that on May 8, 2024, I authorized the electronic filing of a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to counsel of record below:

<table>
<tr><td>

Andrew H. Schapiro
Quinn Emanuel Urquhart & Sullivan, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
andrewschapiro@quinnemanuel.com

Seth Fortenbery
Alex Spiro
Jessica A. Rose
Dylan I. Scher
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
alexspiro@quinnemanuel.com
jessicarose@quinnemanuel.com
dylanscher@quinnemanuel.com
sethfortenbery@quinnemanuel.com

</td><td>

Aubrey B. Harwell III
William J. Harbison II
Olivia Arboneaux
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
tharwell@nealharwell.com
jharbison@nealharwell.com
oarboneaux@nealharwell.com

David Eiseman
Linda J. Brewer
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davideiseman@quinnemanuel.com
lindabrewer@quinnemanuel.com

</td></tr>
</table>

                /s/ *Steven A. Riley*
                Steven A. Riley