**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC. ET AL., | |
| Plaintiffs, | |
| v. | Case No. 3:23-cv-00606 |
| | District Judge Aleta A. Trauger |
| X CORP., D/B/A TWITTER, | |
| Defendant. | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon the parties' stipulation that discovery in this litigation is likely to entail the exchange of certain documents and information that the producing parties regard as trade secrets, proprietary, or commercially sensitive, the parties having agreed on the following terms for the protection of such information and good cause having been shown, it is hereby ORDERED that the following terms shall apply to the production of discovery in this action:

1. **Definitions**

    a.    A "Designating Party" is any person, natural or legal, that produces, discloses, or otherwise makes available information for use in this litigation, *Concord Music Group et al. v. X Corp.*, Case No. 3:23-cv-00606 (AAT), a litigation pending in the United States District Court for the Middle District of Tennessee (the "Action"), including any nonparty producing information voluntarily or pursuant to a subpoena or court order, that designates information that it produces, discloses, or otherwise makes available as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."[1]

    b.    A "Producing Party" is any person, natural or legal, that produces, discloses, or otherwise makes available information for use in this Action, including any nonparty producing information voluntarily or pursuant to a subpoena or court order.

    c.    A "Receiving Party" is any person, natural or legal, that receives or otherwise has access to information a Producing Party has produced, disclosed, or otherwise made available for use in this Action, including any agent or employee of any party.

    d.    "Discovery Material" means all items or information, regardless of medium or manner generated, stored or maintained that are produced or generated in disclosures or responses to discovery in this Action and the contents and information contained therein, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials produced by a party in response to or in connection with any discovery conducted in this Action, and any copies, notes, abstracts, or summaries of the foregoing materials.

e.     "Protected Information" means any information of any type, kind, or character that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any of the Producing or Receiving Parties whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

## 2.     Designation Criteria

a.     *Non-Protected Information.*  Protected Information shall not include information that either:

i.     is in the public domain at the time of disclosure;

ii.     becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document;

iii.     the Receiving Party can show by written document was in its rightful and lawful possession at the time of disclosure; or

iv.     lawfully comes into the Receiving Party's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such source did not obtain the information in violation of this Order or any other duty owed to any other person(s).

---

[1] This Protective Order refers to information that is "otherwise made available" by means other than a formal production that conforms to the formatting standards of the parties' agreed upon protocol for Producing Documents and Electronically Stored Information ("ESI Protocol"), such as confidential information that is disclosed as part of an informal meet-and-confer communication between the parties.  The references in this Protective Order to information "otherwise made available" does not, in of itself, authorize the parties to provide required discovery by any means other than a formal production that complies with the requirements of the Federal Rules of Civil Procedure, this District's Local Rules, this Protective Order, and the agreed upon ESI Protocol.

b.    *CONFIDENTIAL Information*.  A Producing Party may designate as CONFIDENTIAL only such information that the Producing Party in good faith believes in fact is non-public, sensitive, or proprietary information, the disclosure of which could harm the privacy or business interests of any person.  A Producing Party shall not designate as CONFIDENTIAL information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like.  A Producing Party may designate as CONFIDENTIAL information and documents including, without limitation, technical, sales, marketing, financial, research and development, or other commercially sensitive information, or any information that is required by law or agreement to be kept confidential.  A Producing Party may designate as CONFIDENTIAL correspondence and other communications and documents between the parties or with nonparties if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.  A Producing Party may designate as CONFIDENTIAL information relating to individuals (including current and/or former employees, agents, and/or contractors), such as employee names, Social Security numbers, home addresses and/or telephone numbers, email addresses, usernames/handles, or other personal, sensitive information relating to individuals.

c. *HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information.* A Producing Party may designate as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY particularly sensitive information that the Producing Party believes in good faith cannot be disclosed without creating a substantial risk of harm to the Producing Party, its personnel, clients or customers, other individuals, or affiliates. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information includes, without limitation, information relating to current or future products, proprietary and non-public intellectual property (including, without limitation, planned or unpublished intellectual property applications), proprietary marketing, distribution, adoption, research and development, or other data/information, strategic or business plans, competitive analyses, agreements requiring confidential treatment, customer relationships, personnel files, settlement agreements or communications, internal playbooks, policies, and procedures, trade secrets, proprietary software or source code, network security details, data security information, and financial, sales, or pricing data as well as other sensitive information that, if not restricted as set forth in this order, may subject the Producing Party or its personnel or customers to personal, competitive, or financial injury or potential legal liability to third parties.

d. *Redaction of Personal Identifying Information.* Any Producing Party may redact any personal identifying information that can be utilized to reasonably infer the identity of an individual to whom the information applies or is otherwise protected by law, including but not limited to individuals' (including, without limitation, customers', authors', subscribers', or merchants') personally identifiable information. Redactions for personal identifying information shall be clearly marked as such. Any Receiving Party may challenge any Producing Party's redactions for personal identifying information under the same process described in paragraph 13(a) for challenging the designation for Protected Information.

e. *Manner and Timing of Designations*. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, any information that qualifies for protection under this Order must be clearly so designated before the information is produced, disclosed, or otherwise made available.

f. *Right to Seek Additional Protections*. This Order is entered without prejudice to the right of any Producing Party to seek additional protections from the Court as may be necessary under the particular circumstances.

**3. Duration**

Even after final disposition of this Action, the obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in an action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of that action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**4. Use of Discovery Material**

All Discovery Material, including Protected Information, produced, disclosed, or otherwise made available by any party or nonparty in the course of this Action shall be used solely for the purpose of preparation, trial, and appeal of this Action and for no other purpose, and shall not be disclosed except in accordance with the terms hereof. Protected Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access is limited to the persons authorized under this Order.

**5. Marking of Documents**

Documents provided in this Action may be designated by the Producing Party or by any

party as Protected Information by marking each page of the documents so designated with a stamp indicating that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In lieu of marking the original of a document, if the original is not provided, the Designating Party may mark the copies that are provided. Originals shall be preserved for inspection. Electronic documents and electronically stored information produced natively may be designated by the producing person or by any party as Protected Information by labeling the file name as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If a hard copy of a document produced natively is used in the case as an exhibit or otherwise the party using it shall mark each page as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**6. Qualified Person**

"Qualified Persons" means:

a. For HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information:

 i. attorneys who are not employees of any named party to the Action, but who serve as outside counsel to a named party in connection with the Action, and their support personnel;

 ii. a party's in-house counsel who are actively working on the Action, provided such persons execute Attachment A agreeing to be bound by the terms of this Protective Order;

 iii. actual or potential independent experts or consultants (and their respective support personnel) engaged in connection with the Action. Prior to disclosure of any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information (other than the information produced, disclosed, or otherwise made available by a Producing Party that has itself retained the independent expert or consultant), such persons must execute Attachment A agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person) and have been disclosed in writing by notice to all counsel as a recipient of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information and Protected Information; provided, however, that such persons shall not receive HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information prior to the expiration of the five (5) business day objection period set forth in paragraph

13(b) and resolution of any challenge thereunder. Independent experts or consultants under this paragraph shall not include current employees, officers, directors or agents of parties or affiliates of parties.

    iv.    this Court and its staff and any other tribunal or dispute resolution officer duly appointed, assigned, or agreed upon by the parties in connection with this Action;

    v.    litigation vendors and court reporters who agree to keep the information confidential;

    vi.    any person who was an author or recipient of the HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information and who agrees to keep the information confidential; and

    vii.    any person with consent of the Designating Party.

    b.    For CONFIDENTIAL Information:

    i.    the persons identified in subparagraph 6(a);

    ii.    such officers, directors, or employees of a party who are actively involved in the prosecution or defense of this Action,

    iii.    any person who was an author or recipient of the CONFIDENTIAL information and who agrees to keep the information confidential; and

    iv.    such other person as the parties may designate by mutual agreement or as this Court may designate after notice and an opportunity to be heard.

**7.    Disclosure of Protected Information at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, consultants, representatives, or independent experts retained by counsel for the purpose of this Action, or (b) the deposition of a nonparty may be designated by any party as Protected Information by indicating on the record at any point in the deposition that the testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Protected Information by notifying all parties in writing not later than thirty (30) calendar days of receipt of

the final transcript of the specific pages and lines of the transcript that should be treated as Protected Information thereafter. All deposition transcripts shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for a period of thirty (30) calendar days after initial receipt of the final transcript. In the event that expedited disclosure may be required by a party due to an impending deadline regarding preparation of any filing or submission that requires consideration of the Protected Information in question, the concerned party shall negotiate in good faith for a shortened expiration period. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Protected Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Protected Information is being used or discussed.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Protected Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Protected Information shall have page numbers that correspond to the blank pages in the main transcript.

## 8. Third-Party Productions

Any party may also designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY any information pertaining to that party which is produced, disclosed, or otherwise made available in this suit by non-parties pursuant to requests for production, depositions on written questions or otherwise, by notifying all parties in writing within twenty-one (21) calendar days after the provision of such information. Any non-parties who produce, disclose, or otherwise make available documents or information in this suit

pursuant to requests for production, depositions on written questions or otherwise may also designate such documents or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information by notifying all parties in writing within twenty-one (21) calendar days after the provision of such information. Upon receiving any such notices, all parties shall mark each page of any documents or copies containing such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (according to the requested designation in the notice) and all such information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY hereunder.

9.     **Disclosure to Non-Qualified Persons**

A Receiving Party shall not disclose or make available Protected Information to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction as described in paragraph 17 below; provided, however, that in the event of a disclosure compelled by law or court order, the Receiving Party will so notify the Designating Party as promptly as practicable prior to making such disclosure, to provide the Designating Party with adequate opportunity to object to the disclosure or seek appropriate protections, such as application of this Protective Order, in the court of competent jurisdiction unless such action is not permitted by the court or applicable law or possible within the timeframe for disclosure compelled by law or court order. If such action is not permitted or is not possible, the Receiving Party shall seek an agreement to treat such information as confidential in accordance with this Order.

Notwithstanding the restrictions on use in this Order, any party may disclose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information to (i) any employee of the Producing Party; (ii) any person, regardless of affiliation with the

Producing Party, who authored the information; and (iii) any person who received the information before this case was filed. Any party is free to use its own Protected Information for any purpose, and no use by the Designating Party shall affect or otherwise act as a waiver with respect to the confidential status of that information so long as the Protected Information has not been publicly disclosed.

**10.     Failure to Designate; Unintentional and Unauthorized Disclosures**

Information unintentionally produced, disclosed, or otherwise made available without designation as Protected Information later may be designated and shall be treated as Protected Information under the terms of this Order from the date written notice of the designation is provided to the Receiving Party. Inadvertent failure to designate Protected Information shall not constitute a waiver of such a claim and may be corrected by such supplemental written notice to the Receiving Party. A party who disclosed Protected Information that is subsequently designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall in good faith assist the Producing Party or Designating Party in its efforts to retrieve such Protected Information from all recipients not entitled to receive such Protected Information under the terms of this Order. No party shall be found to have violated this Order for failing to treat material as Protected Information during a time when that material has not been designated as Protected Material.

If a Receiving Party learns of any unauthorized disclosure of Protected Information, by inadvertence or otherwise (*e.g.*, data breach of the party's or vendor's systems), that Receiving Party shall: (a) promptly upon learning of such disclosure inform the Producing Party of such disclosure in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of

all terms of this Order, and (d) shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

## 11.     Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this Order if each party designating the information as Protected Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure.  Nor shall anything in this Order prevent any counsel of record from utilizing Protected Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Protected Information, irrespective of which party produced such Protected Information.  Nothing herein shall limit in any way a Producing Party's right to use or disclose its own Protected Information for any purpose.

## 12.     Disclosure in Mediations, Hearings and Trial

Protected Information may be disclosed or otherwise made available in any mediation, settlement conference, hearings and the trial of this case without any requirement that the mediator, Court, Court officials, those persons impaneled as potential jurors or those persons comprising the actual jury sign any written agreement to be bound by the terms of this Protective Order.

At any public hearing or trial, a party may make requests to the Court to take steps to protect the confidentiality of Protected Information to the extent appropriate and practicable.  Moreover, although a party may, subject to the Federal Rules of Evidence and further Orders of the Court, use any Protected Information for any purpose at any hearing before a judicial officer in this Action and the trial of this case, that party must provide reasonable notice (except in unforeseen circumstances, at least 48 hours in advance) to counsel for the Designating Party such that the Designating Party may at the time of such proposed use, and prior to the disclosure of the

Protected Information, move for an appropriate protective order.

**13.     Challenging the Designation or Disclosure**

a.     *Protected Information.*  A party shall not be obligated to challenge the propriety of a designation of Protected Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this Action disagrees at any stage of these proceedings with the designation of any information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies revealing only certain portions of a document that have been de-designated.  While any motion concerning Protected Information is pending, the disputed information shall maintain its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY subject to all terms of this Order, including Paragraph 14 below, unless and until the Court orders otherwise.

b.     *Disclosure to Qualified Persons.*  In the event that any party in good faith disagrees with the disclosure of particular Protected Information to an actual or potential independent expert or consultant (and their respective support personnel) (*see* Paragraph 6(a)(iii)), the objecting party must serve, within five (5) business days of notice of such designation, a written objection stating grounds upon which the objecting party contends the disclosure of particular Protected Information would result in serious harm to the objecting party.  The parties shall first try to resolve the dispute in good faith on an informal basis by meeting within three (3) business days of the objection.  If the dispute cannot be resolved, the objecting party shall have two (2) business days from the date of the meet-and-confer to get a date from the court clerk for a conference telephone call with the Court regarding the dispute.  The parties will submit a joint

statement on the dispute to the Court prior to the telephone conference call.

If the dispute is still not resolved, the objecting party shall have five (5) business days from the date of the meet-and-confer call with the Court to move the Court for an order denying the Qualified Person access to particular Protected Information. The objecting party shall have the burden of demonstrating that disclosure to the disputed person of the particular Protected Information would result in serious harm to the objecting party. The non-objecting party shall file a response to the motion within five (5) business days. All filings shall be by a motion and response not to exceed seven (7) pages double-spaced, no reply shall be permitted, and the parties will seek to be heard on the motion at the earliest date the Court is available. Upon the timely service of such an objection, the Qualified Person at issue shall not receive any Protected Information that is the subject of such objection until either (i) the time period to move the Court for an order denying the Qualified Person access to particular Protected Information expires without any such motion being filed, or (ii) the Court resolves any such timely-filed motion.

c.      *Disclosure to Non-Qualified Persons*. In the event that a Receiving Party in good faith contends that certain Protected Information should be shared with any non-Qualified Person(s), such Receiving Party may make such request in writing to the Designating Party. The parties shall first attempt to resolve the request for such exception in good faith. In the event a dispute over a non-Qualified Person's access to Protected Information cannot be resolved informally, the party seeking an exception to allow a non-Qualified Person's to access Protected Information may seek relief from the Court. The party seeking such exception shall have the burden of demonstrating that disclosure to the non-Qualified Person is necessary and would not subject the Designating Party to a risk of serious harm. No disclosure of Protected Information shall be made to a non-Qualified Person unless and until the Court enters an order permitting such

disclosure.

### 14. Manner of Use in Proceedings / Filing Under Seal

In the event a party wishes to use any Protected Information in any affidavits, declarations, briefs, memoranda of law, or other papers filed with the Court in this Action, the filing party may first request permission from the Producing Party to de-designate the Protected Information for public filing, if appropriate. Unless the Producing Party agrees to de-designate the Protected Information at issue, the parties shall file a motion seeking an order from the Court to file the document (or a portion of the document) under seal pursuant to Local Rule 5.03.

### 15. Return of Documents

Not later than 120 calendar days after conclusion of this Action and any appeals related to them, any Discovery Material, all reproductions of any Discovery Material, and any notes, summaries, or descriptions of Discovery Material in the possession of any of the persons specified in Paragraph 6 (except Subparagraphs 6(a)(iv)) shall be returned to the Producing Party or destroyed, except as the parties may otherwise agree or this Court may otherwise order. Notwithstanding this obligation to return or destroy Discovery Material, counsel may retain pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work product, including document indices, but such work product shall remain subject to this Order. Counsel are not required to delete information that may reside on disaster recovery, business continuity, or other electronic back-up systems or stored in archived departed employee data, to the extent such information is not readily accessible and would be unduly burdensome to locate and remove; however, the parties agree that no Discovery Material shall be retrieved from the electronic back-up systems after conclusion of this Action and any related appeals. Counsel and Parties shall also not be required to delete information that is subject to legal hold obligations or

commingled with other such material.

**16.    Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this Action, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this Action, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the Producing Party or order of the Court with respect to dissolution or modification of this, or any other, protective order.  This Court shall retain jurisdiction over the parties and any other person who has had access to Protected Information pursuant to this Order to enforce the Order's provisions.

**17.    Protected Information Subpoenaed or Ordered Produced in Other Litigation**

If, during the pendency of this Action or the 120-day period after the conclusion of this Action described in Paragraph 15 above, a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information designated in this Action as Protected Information, that party must:

(a)    promptly notify in writing the Designating Party so that the Designating Party may object to the disclosure or seek appropriate protections, such as application of this Protective Order, in the court of competent jurisdiction for the other litigation, unless such action is not permitted by the court or applicable law.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the information covered by the subpoena or order is subject to this Order;

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Information may be affected. If the Designating Party timely seeks a protective order, the party served with subpoena or court order shall not produce any information designated as Protected Information before determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission.

*Other Proceedings*.  By entering this order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as Protected Information pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**18.     Advice to Clients**

This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this Action from conveying to such client the attorney's evaluation in a general way of Protected Information produced, disclosed, or otherwise made available under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Information produced, disclosed, or otherwise made available by another party if such disclosure would be contrary to the terms of this Protective Order.

**19.     Duty to Ensure Compliance**

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

This Order shall be binding upon and inure to the benefit of the parties and their successors-in-interest.

**20.    Inadvertent Production**

In addition to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, the parties agree that the inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity from disclosure shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing Party promptly notifies the Receiving Party in writing after discovery of such inadvertent production or disclosure. Such inadvertently produced or disclosed documents or information, including all copies thereof, shall immediately be returned to the Producing Party or destroyed immediately upon notice to the Receiving Party. The Receiving Party shall also notify the Producing Party when the documents are destroyed and shall immediately destroy any notes or other writings or recordings that summarize, reflect, or discuss the content of such privileged information or Protected Information.

No use shall be made of such inadvertently produced privileged documents or information in discovery, in deposition, in court filings or at trial. Nor shall such documents or information be shown to anyone, after a request for their return, who is not entitled to have access to them. The Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose, summarize, characterize, or otherwise use the content of the inadvertently produced document or information (beyond any non-privileged information sufficient to provide the Court with necessary

context to resolve the motion).

**21.     Right to Assert Other Objections**

By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Order. Similarly, nothing in this Order constitutes an admission by any party that the Discovery Material is relevant or admissible, and no party waives any right to object on any ground to admissibility or use in evidence of any of the information covered by this Order.

**22.     Modification and Exceptions**

Any party may seek an order of this Court modifying this Protective Order or granting an exception to it.  A party seeking an exception to this Order shall bear the burden of establishing the need for such exception and that the Producing Party or Designating Party will not be substantially harmed thereby.

It is SO ORDERED.

_____

Aleta A. Trauger, USDJ

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

|  |  |
|---|---|
| CONCORD MUSIC GROUP, INC. ET AL., | |
| Plaintiffs, | |
| v. | Case No. 3:23-cv-00606<br>District Judge Aleta A. Trauger |
| X CORP., D/B/A TWITTER, | |
| Defendant. | |

**UNDERTAKING OF _____**

I, _____ [name], state the following under penalty of perjury as provided by law:

I am _____ [position] for _____ [employer].  I will be receiving CONFIDENTIAL and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information that is covered by the Stipulated Protective Order governing this Action and entered by the Court on _____, 2024.  I have read the Stipulated Protective Order and understand that the information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is provided or otherwise made available pursuant to the terms and conditions in that Order.

I agree to be bound by the Stipulated Protective Order. I agree to use the information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, solely for purposes of this Action. I understand that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY along with any notes concerning the same, may not be disclosed to anyone that is not bound by the Stipulated Protective Order.  I

agree to return the information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY along with any notes concerning such information, to the attorney

for the producer of the information designated as CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY or to destroy the information and any notes at

the attorney's request as required by the Stipulated Protective Order.

I submit to the jurisdiction of the Court that issued the Stipulated Protective Order for

purposes of enforcing that order.  With regard to enforcing the Stipulated Protective Order, I

explicitly waive any objections I might have to that Court's jurisdiction over me or to the

propriety of venue in that Court.

_____

Title:

Date:

APPROVED FOR ENTRY:

/s/Aubrey B. Harwell III w/permission                /s/Steven A. Riley

Aubrey B. Harwell III (No. 017394)          Steven A. Riley (No. 6258)
William J. Harbison II (No. 33330)           John R. Jacobson (No. 14365)
Olivia Arboneaux (No. 40225)                Tim Harvey, (No. 21509)
NEAL & HARWELL, PLC                        Grace C. Peck (No. 38558)
1201 Demonbreun Street, Suite               Riley & Jacobson, PLC
1000 Nashville, Tennessee 37203             1906 West End Avenue
Telephone: (615) 244-1713                    Nashville, TN 37203
tharwell@nealharwell.com                     (615) 320-3700
jharbison@nealharwell.com                    sriley@rjfirm.com
oarboneaux@nealharwell.com                  jjacobson@rjfirm.com
                                             tharvey@rjfirm.com
Alex Spiro (*pro hac vice*)                     gpeck@rjfirm.com
Jessica A. Rose (*pro hac vice*)
Dylan I. Scher (*pro hac vice*)                  Scott A. Zebrak (*pro hac vice*)
QUINN EMANUEL URQUHART &                  Matthew J. Oppenheim (*pro hac vice*)
SULLIVAN, LLP                               Keith Howell (*pro hac vice*)
51 Madison Avenue, 22nd Floor               Meredith Stewart (*pro hac vice*)
New York, NY 10011                          OPPENHEIM +ZEBRAK, LLP
Tel: (212) 849-7000                          4530 Wisconsin Ave., NW, 5th Floor
alexspiro@quinnemanuel.com                   Washington, DC 20016
jessicarose@quinnemanuel.com                 Telephone: (202) 480-2999
dylanscher@quinnemanuel.com                  scott@oandzlaw.com
                                             matt@oandzlaw.com
Andrew H. Schapiro (*pro hac vice*)             khowell@oandzlaw.com
QUINN EMANUEL URQUHART &                  mstewart@oandzlaw.com
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700              Alexander Kaplan (*pro hac vice*)
Chicago, IL 60606                            Carly Rothman (*pro hac vice*)
Tel: (312) 705-7400                          Andrew Guerra (*pro hac vice*)
andrewschapiro@quinnemanuel.com              OPPENHEIM + ZEBRAK, LLP
                                             461 5th Avenue, 19th Floor
David Eiseman (*pro hac vice*)                  New York, NY 10017
Linda J. Brewer (*pro hac vice*)                Telephone: (212) 951-1156
QUINN EMANUEL URQUHART &                  alex@oandzlaw.com
SULLIVAN, LLP                               carly@oandzlaw.com
50 California Street, 22nd Floor             andrew@oandzlaw.com
San Francisco, California 94111
Tel: (415) 875-6600                          *Attorneys for Plaintiffs*
davideiseman@quinnemanuel.com
lindabrewer@quinnemanuel.com

*Attorneys for Defendant*