# EXHIBIT A

# Monitoring & Control Requests

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| **REQUEST FOR PRODUCTION NO. 47:** Documents sufficient to describe the Platform's algorithms that govern what posts appear where, who sees which posts, how posts are selected for any given Platform User's "For you" timeline, how posts are selected for inclusion under "Topics" for any given Platform User, how the "Trending" or "What's happening" section of Platform is populated, how the "Who to follow" section of the Platform is populated, and placement of "Promoted Ads," "Follower Ads," "Promoted-only Posts" or any other advertised or promoted content on the Platform. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce documents describing "the Platform's algorithms that," allegedly, "govern" various aspects of the X Platform, and to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including documents about "the Platform's algorithms," which are not related to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." See Dkt. 90 at 21; *see also id.* at 15 (no liability for "a general feature of the platform"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the term "algorithm."<br><br>Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. will not produce documents in response to this request. | For these requests, X is willing to produce non-privileged documents sufficient to describe aspects of any algorithm (or technical process for advertising) that promotes infringing content over non-infringing content, to the extent any such documents exist and are found after a reasonable and diligent search. | For RFP Nos. 47 and 48, X is willing to produce non-privileged documents sufficient to describe aspects of any algorithm (or technical process for advertising) that promotes infringing music over non-infringing music, to the extent any such documents exist and are found after a reasonable and diligent search. X maintains its position that the remaining information and documents sought are not relevant and unduly burdensome to collect and produce. Based on our understanding from the October 10th Letter that Plaintiffs "cannot agree to X's limitations," X agrees that the parties are at an impasse on RFP Nos. 47 and 48. | No change. |
| **REQUEST FOR PRODUCTION NO. 48:** Documents sufficient to show or describe the technical process by which advertisements or promoted content are placed on the Platform, including factors considered in where the advertisement will be placed (such as targeted geographic location or demographic) and the steps taken to actually place the advertisement. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including documents about "the technical process by which advertisements or promoted content are placed on the Platform," which are not related to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." See Dkt. 90 at 21; *see also id.* at 15 (no liability | For these requests, X is willing to produce non-privileged documents sufficient to describe aspects of any algorithm (or technical process for advertising) that promotes infringing content over non-infringing content, to the extent any such documents exist and are found after a reasonable and diligent search. | For RFP Nos. 47 and 48, X is willing to produce non-privileged documents sufficient to describe aspects of any algorithm (or technical process for advertising) that promotes infringing music over non-infringing music, to the extent any such documents exist and are found after a reasonable and diligent search. X maintains its position that the remaining information and documents sought are not relevant and unduly burdensome to collect and produce. Based on our understanding from the October 10th Letter that Plaintiffs "cannot agree to X's limitations," X agrees that the parties are at an impasse on RFP Nos. 47 and 48. | <u>Defendant's updated position</u>: Documents sufficient to describe aspects of any algorithm (or technical process for advertising) that promotes or monetizes infringing content over non-infringing content. |

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| | for "a general feature of the platform"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the phrase "technical process."<br><br>Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. will not produce documents in response to this request. | | | |
| **REQUEST FOR PRODUCTION NO. 56:**<br>Documents sufficient to show or describe Your visibility into, awareness of, and oversight of content uploaded or posted by Platform Users, including any monitoring programs or tools used to flag certain Platform Users or certain content uploaded by Platform Users and use of tools such as "visibility filtering, suppression of posts, "shadow banning", and/or "deamplification". | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including "oversight of content uploaded or posted by Platform Users." See Dkt. 90 at 21 (limiting claim to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers"); *see also id.* at 15 (no liability for "a general feature of the platform"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the phrases "flag certain Platform Users or certain content" and "visibility filtering, suppression of posts, 'shadow banning', and/or 'deamplification.'"<br><br>Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. will not produce documents in response to this request. | Based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not produce documents in response to this request. X's general visibility into content uploaded or posted by users is not sufficiently relevant the contributory copyright infringement claim, statutory damages, or X's defenses, and documents in this category would be burdensome to collect and produce. To the extent Plaintiffs seek information about whether any of these tools are used to monitor the platform for copyright infringement, X is willing to meet and confer about possible ways to share that information. | While the parties ran out of time to discuss RFP No. 56 at the October 10th Meet and Confer, we did discuss RFP No. 17. In response to RFP No. 17, X revised its position and agreed to produce non-privileged documents sufficient to reflect its use of technologies, tools, or devices to detect or limit copyrighted music in posts or live streams by Platform users. X believes that these documents will also suffice to respond to RFP No. 56. However, X maintains its position that the minimal relevance of the remaining tools/practices—which do not pertain to monitoring for copyright infringement— is substantially outweighed by the burden of producing these documents | <u>Plaintiffs' updated position</u>: Documents sufficient to show or describe the tools, programs, or methods You use to monitor and/or control Platform Users or content uploaded or posted by Platform Users, including as it relates to copyright, copyright infringement, and/or actual or potential violations of Your Acceptable Use Policy.<br><br><u>Defendant's position</u>: No change. |
| **INTERROGATORY NO. 22:**<br>Identify the persons, including current and former employees, with responsibility for or involvement in designing, developing, implementing, operating, or maintaining the system used to stream posts or uploaded files featuring music or audio-visual content on the Platform. | Defendant incorporates by reference the foregoing Objections Applicable to Each Interrogatory. Defendant objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant further objects to this Interrogatory in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including because it concerns persons with responsibility for or involvement related to "the system used to stream posts or uploaded files" generally, which is not related to NMPA Notices or to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers". Dkt. 90 at 21; *see also id.* at 15 (no liability for "a general feature of the platform"). Defendant further objects to this Interrogatory as unduly burdensome, | Based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not identify persons in response to this interrogatory. To the extent Plaintiffs have questions about the technical operation of X's platform as it pertains to copyright infringement or DMCA compliance specifically, X is willing to meet and confer about possible ways to exchange that information. | For ROG Nos. 22 and 24, based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not identify all persons in response to these interrogatories. To the extent Plaintiffs have questions about the technical operation of X's platform as it pertains to copyright infringement or DMCA compliance specifically, X holds open its offer to meet and confer about possible ways to exchange that information. Beyond that, naming everyone who ever worked on these algorithm is burdensome and minimally relevant.<br><br>X's revised position is that X will identify any current or former employees with responsibility for or involvement in designing, developing, implementing, operating, or maintaining a | <u>Defendant's updated position</u>: X will identify persons with knowledge of systems that promote posts containing infringing music or infringing audiovisual content over non-infringing content. |

3

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| | overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it concerns the "system used to stream posts or uploaded files," and to the extent it requires Defendant to respond about issues outside the discovery period (December 1, 2021 through June 14, 2023). Defendant further objects to this Interrogatory as vague and ambiguous as to the phrases "designing, developing, implementing, operating, or maintaining" and "stream posts or uploaded files." Defendant further objects to this Interrogatory to the extent Plaintiffs purport to include multiple discrete and separate subparts in this Interrogatory, rather than serving separate and additional interrogatories; thus, this Interrogatory is, in fact, at least two separate interrogatories, and Defendant counts them as such.<br><br>Subject to, as limited by, and without waiver of the foregoing objections, Defendant responds as follows: X does not agree to respond to this Interrogatory as written, but is willing to meet and confer. | | system—if one exists—designed to promote infringing music over non-infringing music. | |
| **INTERROGATORY NO. 23:**<br>Identify the persons, including current and former employees, with responsibility for or involvement in oversight of content uploaded or posted by Platform Users, including any monitoring programs or tools used to flag certain content uploaded by Platform Users and use of tools such as "visibility filtering", suppression of posts, "shadow banning", and/or "deamplification". | Defendant incorporates by reference the foregoing Objections Applicable to Each Interrogatory. Defendant objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant further objects to this Interrogatory in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including because it concerns persons with responsibility for or involvement related to "oversight of content" generally, which is not related to NMPA Notices or to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." Dkt. 90 at 21; *see also id.* at 15 (no liability for "a general feature of the platform"). Defendant further objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it concerns persons involved in oversight of content generally and to the extent it requires Defendant to respond about issues outside the discovery period (December 1, 2021 through June 14, 2023). Defendant further objects to this Interrogatory as vague and ambiguous as to the phrases "oversight," "content," "flag," "visibility filtering," "suppression of posts," "shadow banning," and "deamplification." Defendant further objects to this Interrogatory to the extent Plaintiffs purport to include multiple discrete and separate subparts in this Interrogatory, rather than serving separate and additional interrogatories; thus, this Interrogatory is, in fact, at least two separate interrogatories, and Defendant counts them as such. | Based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not identify persons in response to this interrogatory. To the extent Plaintiffs seek information about whether any of these tools are used to monitor the platform for copyright infringement, X is willing to meet and confer about possible ways to share that information. | X's revised position is that X will identify persons with knowledge of programs or tools to monitor the site for copyrighted music on the platform. | No change. |

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| | Subject to, as limited by, and without waiver of the foregoing objections, Defendant responds as follows: X does not agree to respond to this Interrogatory as written, but is willing to meet and confer. | | | |
| **INTERROGATORY NO. 24**: Identify the persons, including current and former employees, with responsibility for or involvement in Your algorithms, including the design, development, operation, and maintenance of your algorithms that govern how posts are selected for any given Platform User's "For you" timeline, how posts are selected for inclusion under "Topics" for any given Platform User, how the "Trending" or "What's happening" section of Platform is populated, how the "Who to follow" section of the Platform is populated, and how and where advertisements or other promoted content are populated on the Platform. | Defendant incorporates by reference the foregoing Objections Applicable to Each Interrogatory. Defendant objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant further objects to this Interrogatory in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including because it concerns persons with responsibility for or involvement related to general features such as algorithms about "how posts are selected" and the "'Trending' or 'What's happening' section of [the] Platform," which is not related to NMPA Notices or to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." Dkt. 90 at 21; *see also id.* at 15 (no liability for "a general feature of the platform"). Defendant further objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it concerns algorithms impact on various aspects of the X platform generally, and to the extent it requires Defendant to respond about issues outside the discovery period (December 1, 2021 through June 14, 2023). Defendant further objects to this Interrogatory as vague and ambiguous as to the phrases "design, development, operation, and maintenance of your algorithms," "selected," and "populated." Defendant further objects to this Interrogatory to the extent Plaintiffs purport to include multiple discrete and separate subparts in this Interrogatory, rather than serving separate and additional interrogatories; thus, this Interrogatory is, in fact, at least two separate interrogatories, and Defendant counts them as such.<br><br>Subject to, as limited by, and without waiver of the foregoing objections, Defendant responds as follows: X does not agree to respond to this Interrogatory as written, but is willing to meet and confer. | Based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not identify persons in response to this interrogatory. To the extent Plaintiffs have questions about the technical operation of X's platform as it pertains to copyright infringement or DMCA compliance specifically, X is willing to meet and confer about possible ways to share that information. To the extent Plaintiffs seek background information about the technical functioning of the platform, X has agreed to produce documents in response to Plaintiffs' RFP No. 47. | For ROG Nos. 22 and 24, based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not identify all persons in response to these interrogatories. To the extent Plaintiffs have questions about the technical operation of X's platform as it pertains to copyright infringement or DMCA compliance specifically, X holds open its offer to meet and confer about possible ways to exchange that information. Beyond that, naming everyone who ever worked on these algorithm is burdensome and minimally relevant.<br><br>X's revised position is that X will identify any current or former employees with responsibility for or involvement in designing, developing, implementing, operating, or maintaining a system—if one exists—designed to promote infringing music over non-infringing music. | <u>Defendant's updated position</u>: X will identify persons with knowledge of algorithms that promote posts containing infringing music or infringing audiovisual content over non-infringing content. |

5

# Economic Incentives Requests

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| **REQUEST FOR PRODUCTION NO. 1:** All documents and communications, including reports, studies, research, presentations, surveys, or analyses, concerning the use of music on the Platform. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce "all" documents "concerning the use of music on the Platform," and to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including documents "concerning the use of music," as opposed to documents directly related to the NMPA notices at issue. *See* Dkt. 90 at 15 (uploading audiovisual files is "a general feature of the platform"); *id.* (no liability for "unremarkable features of [the platform] generally"); *id.* at 21 (limiting claim to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the phrase "use of music." Defendant X Corp. further objects to this Request to the extent it seeks materials that are publicly available and are equally available to Plaintiffs.

Subject to, as limited by, and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. is willing to meet and confer with Plaintiffs concerning this request. | With respect to these requests, X is willing to produce non-privileged documents concerning policies or practices that encourage Users to upload infringing use of music to the platform, to the extent any such documents exist and are found after a reasonable and diligent search. However, due to overbreadth, burden, and relevance, X will not produce documents concerning the use of music on the platform generally, the handle "@music" generally, or advertising about music generally. Those documents are not relevant to the contributory copyright infringement claim, statutory damages, or any of X's defenses and therefore the burden associated with the collection and review of them outweighs their value. | N/A | Plaintiffs' clarification: <ul><li>These requests focus on "use of music on the Platform", not discussions of music, artists, or songwriters. This was made clear in prior calls, but we're reiterating it to avoid any confusion.</li><li>If Defendant identifies a "use of music on the Platform" that is lawful, it should raise that with us (we can exclude if we agree).</li><li>We can cooperate and discuss how Defendant implements "All docs and comms" (to balance proportionality / burden).</li></ul> Defendant's position: Documents and communications, including reports, studies, research, presentations, surveys, or analyses, concerning the use of infringing music on the Platform. |
| **REQUEST FOR PRODUCTION NO. 2:** All documents and communications, including reports, studies, research, presentations, or analyses, concerning Your plans or strategies, actual or considered, for promoting, supporting, generating user engagement from, generating revenue from, or profiting from the use of music on the Platform. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce "all" documents regarding "plans or strategies, actual or considered" for promoting music, and to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including plans that were | With respect to these requests, X is willing to produce non-privileged documents concerning policies or practices that encourage Users to upload infringing use of music to the platform, to the extent any such documents exist and are found after a reasonable and diligent search. However, due to overbreadth, burden, and relevance, X will not produce documents concerning the use of music on the platform generally, the handle "@music" generally, or advertising about music generally. Those documents are not relevant to the contributory copyright infringement claim, statutory damages, or any of X's defenses and therefore the burden associated with the collection and review of them outweighs their value. | N/A | Plaintiffs' clarification: <ul><li>These requests focus on "use of music on the Platform", not discussions of music, artists, or songwriters. This was made clear in prior calls, but we're reiterating it to avoid any confusion.</li><li>If Defendant identifies a "use of music on the Platform" that is lawful, it should raise that with us (we can exclude if we agree).</li><li>We can cooperate and discuss how Defendant implements "All docs and comms" (to balance proportionality / burden).</li></ul> Defendant's position: Documents and communications, including reports, studies, research, presentations, or analyses, concerning X's plans or strategies, actual or considered, for |

7

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| | "considered" and communications about "promoting" or "supporting" the "use of music." *See* Dkt. 90 at 15 (uploading audiovisual files is "a general feature of the platform"); *id.* at 21 (limiting claim to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the phrases "use of music" and "user engagement." Defendant X Corp. further objects to this Request to the extent it seeks materials that are publicly available and are equally available to Plaintiffs. Defendant X Corp. further objects to this Request as duplicative of at least Plaintiffs' Request for Production No. 1; Defendant X Corp. expressly incorporates its objections and responses to that Request as if fully set forth herein.<br><br>Subject to, as limited by, and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. is willing to meet and confer with Plaintiffs concerning this request. | | | promoting, supporting, generating user engagement from, generating revenue from, or profiting from the use of infringing music on the Platform |
| **REQUEST FOR PRODUCTION NO. 5:**<br>All documents and communications concerning any strategies, decision-making, presentations, or analyses by You concerning whether or how to license music for use on the Platform, including any requirement or terms. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce "all documents and communications" concerning strategies and analyses concerning "whether or how to license music," which includes negotiations with non-parties, and to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including documents concerning "whether or how to license music for use on the Platform" because it concerns negotiations with non-parties. Dkt. 90 at 21 (limiting claim to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the phrases "decision-making" and "music for use on the Platform." Defendant X Corp. further objects to this Request to the extent it seeks materials that are publicly available, are in the possession, custody or control of a third party, are equally available to Defendant and/or can | Because Plaintiffs have yet to articulate a relevant basis for this request that overcomes X's objections, X will not produce documents in response to this request. Efforts by X to license music as a general feature of X's platform are not relevant to the contributory copyright infringement claim, statutory damages, or X's defenses, and therefore the burden of having to collect and review these documents is not proportional to the claimed need for the information. | N/A | No change. |

8

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| | be obtained from some other source that is more convenient, less burdensome, or less expensive.<br><br>Subject to, as limited by, and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. is willing to meet and confer with Plaintiffs concerning this request. | | | |
| **REQUEST FOR PRODUCTION NO. 52:**<br>All presentations, summaries, and analyses of Platform User insights and analytics, including analyses on Platform User demographics, how Platform Users use the Platform, what draws Platform Users to the Platform, what Platform Users want to use the Platform for, and the type of customer, user, or subscriber You aim to attract to the Platform. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce "all presentations, summaries, and analyses of Platform User insights and analytics," and to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including documents about "Platform User insights and analytics," which are not related to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." See Dkt. 90 at 21; *see also id.* at 15 (no liability for "a general feature of the platform"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the phrase "Platform User insights and analytics."<br><br>Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. will not produce documents in response to this request. | Based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not produce documents in response to this request. The requested user demographics are not relevant to the contributory copyright infringement claim, statutory damages, or X's defenses and would be burdensome to collect. | N/A | Plaintiffs' updated revision: Presentations, summaries, and analyses of: (a) the demographics of Platform Users; and (b) the impact that use of music or audiovisual content on the Platform has on attracting or retaining Platform Users, driving engagement, and adding subscribers.<br>    o Note: "Use of music" refers to the uploading, posting, or streaming of music (e.g., posts that include audio or audio-visual content featuring music) on the Platform; it does not refer to Platform User discussions about music. Further, if Defendant identifies a "use of music on the Platform" that is lawful, it should raise that with us (we can exclude if we agree).<br><br>Defendant's position: Presentations, summaries, and analyses of: (a) the demographics of Platform Users; and (b) the impact that use of infringing music or infringing audiovisual content on the Platform has on attracting or retaining Platform Users, driving engagement, and adding subscribers. |
| **REQUEST FOR PRODUCTION NO. 53:**<br>All documents and communications concerning comparative analyses of Platform User engagement (including metrics such as likes, views, time spent viewing posts, reposts, and replies) of posts featuring audiovisual content versus posts without audiovisual content. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce "all documents and communications" concerning "comparative analyses of Platform User engagement," and to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request | Based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not produce documents in response to this request. Analyses of user engagement are not relevant to the contributory copyright infringement claim, statutory damages, or X's defenses and would be burdensome to collect. | N/A | Defendant's updated position: Documents and communications concerning comparative analyses of Platform User engagement (including metrics such as likes, views, time spent viewing posts, reposts, and replies) of posts featuring infringing audiovisual content versus posts without infringing audiovisual content. |

9

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| | in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including documents about "comparative analyses of Platform User engagement," which are not related to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." See Dkt. 90 at 21; see also id. at 15 (uploading audiovisual material is "a general feature of the platform"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the phrase "Platform User engagement." <br><br> Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. will not produce documents in response to this request. | | | |
| **REQUEST FOR PRODUCTION NO. 54:** <br> All documents and communications concerning Your encouragement for users to upload media content to Your servers rather than link to third-party sites. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce "all documents and communications" concerning "encouragement for users to upload media content," and to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including documents about "encouragement for users to upload media content," which are not related to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." See Dkt. 90 at 21; see also id. at 15 (uploading audiovisual material is "a general feature of the platform"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the phrases "encouragement" and "media content." <br><br> Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. will not produce documents in response to this request. | Based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not produce documents in response to this request. Documents concerning encouraging users to upload media content to servers are not relevant the contributory copyright infringement claim, statutory damages, or X's defenses, and would be burdensome to collect and produce. As previously noted, to the extent Plaintiffs seek documents that reflect policies or practices by X to promote copyright infringement, to the extent they exist, X has agreed to produce such documents in response to other requests. | N/A | Defendant's updated position: Documents and communications concerning X's encouragement for users to upload infringing media content to X's servers rather than link to third-party sites. |
| **REQUEST FOR PRODUCTION NO. 55:** <br> All documents and communications concerning Your decision(s) to increase video length limits for posts on the Platform. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. | Based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not produce documents in response to this request. Documents concerning an alleged decision by X to increase video | N/A | No change. |

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| | further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including documents "concerning Your decision(s) to increase video length limits for posts on the Platform" that are not related to NMPA notices, nor "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." See Dkt. 90 at 21; *see also id.* at 15 (no liability for "a general feature of the platform").<br><br>Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. will not produce documents in response to this request. | length limits for posts concern the general operation of the site and are not sufficiently relevant to the contributory copyright infringement claim, statutory damages, or X's defenses to justify the burden of searching for and collecting the documents. | | |
| **INTERROGATORY NO. 1:**<br>Identify the persons, including current and former employees, with responsibility for or involvement in Your efforts relating to use of music on the Platform, including any effort to promote, support, research, analyze or generate user engagement or revenue from use of music on the Platform. | Defendant incorporates by reference the foregoing Objections Applicable to Each Interrogatory. Defendant objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant further objects to this Interrogatory in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including because it concerns persons with responsibility for or involvement related to "use of music" generally, which is not related to NMPA Notices or to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." Dkt. 90 at 21; *see also id.* at 15 (no liability for "a general feature of the platform"). Defendant further objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires Defendant to respond about issues outside the discovery period (December 1, 2021 through June 14, 2023). Defendant further objects to this Interrogatory as vague and ambiguous as to the phrase "use of music." Defendant further objects to this Interrogatory to the extent Plaintiffs purport to include multiple discrete and separate subparts in this Interrogatory, rather than serving separate and additional interrogatories; thus, this Interrogatory is, in fact, at least two separate interrogatories, and Defendant counts them as such. | X is willing to respond to this interrogatory by identifying individuals with responsibility or involvement related to the infringing use of music on the platform. However, X will not identify individuals with responsibility for the use of music generally, including analysis and revenue related to it, because such information is not relevant to the contributory copyright infringement claim, statutory damages, or X's defenses. | N/A | No change. |

11

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| | Subject to, as limited by, and without waiver of the foregoing objections, Defendant responds as follows: X does not agree to respond to this Interrogatory as written, but is willing to meet and confer. | | | |
| **INTERROGATORY NO. 2:**<br>Identify the persons, including current and former employees, with responsibility for or involvement in Your decision-making with respect to whether or how to license music for use on the Platform, including as to any requirements or terms. | Defendant incorporates by reference the foregoing Objections Applicable to Each Interrogatory. Defendant objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant further objects to this Interrogatory in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including because it concerns persons with responsibility for or involvement related to "whether or how to license music," which includes negotiations with non-parties, and which is not related to NMPA Notices or to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." Dkt. 90 at 21; *see also id.* at 15 (no liability for "a general feature of the platform"). Defendant further objects to this Interrogatory as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it concerns identifying persons with involvement in decision making with respect to "whether or how to license music," which includes licensing with nonparties, and to the extent it requires Defendant to respond about issues outside the discovery period (December 1, 2021 through June 14, 2023). Defendant further objects to this Interrogatory as vague and ambiguous as to the phrases "decision-making" and "music for use on the Platform."<br><br>Subject to, as limited by, and without waiver of the foregoing objections, Defendant responds as follows: X does not agree to respond to this Interrogatory as written, but is willing to meet and confer. | As with RFP No. 5, because Plaintiffs have yet to articulate a relevant basis for this interrogatory that overcomes X's objections, X will not identify persons in response to this interrogatory. Efforts to license music as a general feature of X's platform are not relevant to the contributory copyright infringement claim, statutory damages, or X's defenses. | N/A | No change. |

# Competitive Analyses Requests

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| **REQUEST FOR PRODUCTION NO. 50:** All documents and communications concerning changes to the Platform in order to more effectively compete with other social media sites including with respect to optimizing the uploading, sharing and streaming of posts featuring music or audiovisual content. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce "all documents and communications concerning changes to the Platform in order to more effectively compete with other social media sites," and to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including documents about "changes to the Platform," which are not related to "(1) providing more lenient copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." *See* Dkt. 90 at 21; *see also id.* at 15 (no liability for "a general feature of the platform"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the phrase "changes to the Platform in order to more effectively compete."<br><br>Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. will not produce documents in response to this request. | Based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not produce documents in response to these requests. Documents about X's efforts to compete with other social media websites are not relevant to the contributory copyright infringement claim, statutory damages, or X's defenses. To the extent Plaintiffs contend that X has a policy or practice of encouraging copyright infringement on its platform to gain a competitive advantage, to the extent they exist, any such documents would be responsive to other requests. | N/A | <u>Defendant's updated position</u>: Documents and communications concerning changes to the Platform in order to more effectively compete with other social media sites with respect to optimizing the uploading, sharing and streaming of posts featuring infringing music or infringing audiovisual content. |
| **REQUEST FOR PRODUCTION NO. 51:** All documents and communications concerning competitive analyses, including analyses of the entities or companies You view as Your competitors and analyses on how You and the Platform will compete with such entities and their competing services, including concerning music or audiovisual content. | Defendant X Corp. incorporates by reference the foregoing Objections Applicable to Each Request. Defendant X Corp. objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine and any other privileges or immunities. Defendant X Corp. further objects to this Request as unduly burdensome, overbroad, and disproportionate to the needs of the case, considering the factors provided by Fed. R. Civ. P. 26(b)(1), including to the extent it requires X Corp. to search for and produce "all documents and communications concerning competitive analyses," and to the extent it requires X Corp. to search for and produce documents outside the discovery period (December 1, 2021 through June 14, 2023). Defendant X Corp. further objects to this Request in that it seeks information not likely to be relevant to any claim or defense at issue in the case, including documents about "competitive analyses," which are not related to "(1) providing more lenient | Based on its objections of relevance, overbreadth, and burden, which Plaintiffs have not adequately addressed, X will not produce documents in response to these requests. Documents about X's efforts to compete with other social media websites are not relevant to the contributory copyright infringement claim, statutory damages, or X's defenses. To the extent Plaintiffs contend that X has a policy or practice of encouraging copyright infringement on its platform to gain a competitive advantage, to the extent they exist, any such documents would be responsive to other requests. | N/A | <u>Defendant's updated position</u>: Documents and communications concerning competitive analyses that relate to the use of infringing copyrighted content, including analyses of the entities or companies X views as its competitors and analyses on how X and the Platform will compete with such entities and their competing services concerning infringing music or infringing audiovisual content. |

14

| Plaintiffs' Request | Defendant's Initial Response & Objections | Defendant's Position from September 5, 2024 Letter | Defendant's Position from November 8, 2024 Letter | Status as of December 2, 2024 |
|---|---|---|---|---|
| | copyright enforcement to 'verified' users; (2) failing to act on takedown notices in a timely manner; and (3) failing to take reasonable steps in response to severe serial infringers." *See* Dkt. 90 at 21; *see also id.* at 15 (no liability for "a general feature of the platform"). Defendant X Corp. further objects to this Request as vague and ambiguous as to the phrases "competitive analyses," "Your competitors," and "competing services."<br><br>Subject to and without waiver of the foregoing objections, Defendant responds as follows: Defendant X Corp. will not produce documents in response to this request. | | | |

Case 3:23-cv-00606 Document 109-1 Filed 12/03/24 Page 16 of 16 PageID #: 692