**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., et. al.,<br><br>                           Plaintiffs,<br><br>       v.<br><br>X CORP., D/B/A TWITTER,<br><br>                       Defendant. | Case No. 3:23-cv-00606<br><br>**ANSWER TO AMENDED COMPLAINT**<br><br>Hon. Aleta A. Trauger |

## <u>INTRODUCTION</u>

1.      Defendant admits that Plaintiff filed a civil action seeking damages and injunctive relief. Defendant otherwise denies the allegations in Paragraph 1 of the Complaint, including that there has been any wrongdoing.

2.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of the Complaint and on that basis denies those allegations.

3.      Defendant admits that it owns and operates an online social media platform and a downloadable software application ("app") formerly known as Twitter and now called X that is used, among other purposes, to share and view messages and media, and that the platform was purchased by Elon Musk in 2022. Defendant otherwise denies the allegations in Paragraph 3 of the Complaint.

4.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint and on that basis denies those allegations.

5.      Defendant admits that Twitter began as a destination for short text-based messages and that X competes with other social media sites for users, advertisers, and subscribers. Defendant otherwise denies the allegations in Paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first two sentences of Paragraph 6 of the Complaint and on that basis denies those allegations. Defendant otherwise denies the allegations in Paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first three sentences of Paragraph 7 of the Complaint and on that basis denies those allegations. Defendant otherwise denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the first two sentences of Paragraph 10 of the Complaint and on that basis denies those allegations. Defendant otherwise denies the allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiffs purport to base jurisdiction over the subject matter of this action on the statutory provisions cited.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations of Paragraph 13, except that Defendant admits it provides services to users in Tennessee.

14. Defendant admits that it provides services to users in Tennessee, including residents of this District. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant admits that it provides services to users in the United States, which may include users in Tennessee, and that, for users who have agreed to its terms of services and selected certain privacy options, it uses geolocation to serve targeted ads to users. Defendant admits that

Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, an internet site, and that the content of any such internet site, considered fully and in context, would speak for itself. Otherwise, Paragraph 15 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations of Paragraph 15.

16. Defendant denies that there has been any unlawful conduct giving rise to harm to the Publishers in this case. Defendant otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 16 and on that basis denies those allegations.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 17, other than that it admits that it provides services to users in Tennessee.

## THE PARTIES

A. *Publishers*

18. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint and on that basis denies those allegations.

**ABKCO Music**

19. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint and on that basis denies those allegations.

20. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint and on that basis denies those allegations.

**Anthem Entertainment**

21. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Complaint and on that basis denies those allegations.

22. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 22 of the Complaint and on that basis denies those allegations.

**Big Machine Music**

23.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23 of the Complaint and on that basis denies those allegations.

24.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Complaint and on that basis denies those allegations.

**BMG Rights Management**

25.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 of the Complaint and on that basis denies those allegations.

26.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 of the Complaint and on that basis denies those allegations.

**Concord**

27.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of the Complaint and on that basis denies those allegations.

28.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint and on that basis denies those allegations.

**Downtown**

29.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint and on that basis denies those allegations.

30.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Complaint and on that basis denies those allegations.

**Hipgnosis**

31.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 of the Complaint and on that basis denies those allegations.

32.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and on that basis denies those allegations.

33.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint and on that basis denies those allegations.

34.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Complaint and on that basis denies those allegations.

35.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Complaint and on that basis denies those allegations.

**Kobalt**

36.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 36 of the Complaint and on that basis denies those allegations.

37.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint and on that basis denies those allegations.

**Mayimba**

38.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint and on that basis denies those allegations.

39.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint and on that basis denies those allegations.

40.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 40 of the Complaint and on that basis denies those allegations.

41.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 41 of the Complaint and on that basis denies those allegations.

**Peer**

42.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 42 of the Complaint and on that basis denies those allegations.

43.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 43 of the Complaint and on that basis denies those allegations.

44.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 44 of the Complaint and on that basis denies those allegations.

45.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 45 of the Complaint and on that basis denies those allegations.

46.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 46 of the Complaint and on that basis denies those allegations.

47.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 47 of the Complaint and on that basis denies those allegations.

48.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 48 of the Complaint and on that basis denies those allegations.

49.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 49 of the Complaint and on that basis denies those allegations.

**Reservoir Media Management**

50.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 50 of the Complaint and on that basis denies those allegations.

51.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 51 of the Complaint and on that basis denies those allegations.

**Sony Music Publishing**

52.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 52 of the Complaint and on that basis denies those allegations.

53.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 53 of the Complaint and on that basis denies those allegations.

54.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54 of the Complaint and on that basis denies those allegations.

55.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 55 of the Complaint and on that basis denies those allegations.

56.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 56 of the Complaint and on that basis denies those allegations.

57.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 57 of the Complaint and on that basis denies those allegations.

58.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 58 of the Complaint and on that basis denies those allegations.

59.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 59 of the Complaint and on that basis denies those allegations.

60.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 60 of the Complaint and on that basis denies those allegations.

61.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 61 of the Complaint and on that basis denies those allegations.

62.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 62 of the Complaint and on that basis denies those allegations.

63.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 63 of the Complaint and on that basis denies those allegations.

64.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 64 of the Complaint and on that basis denies those allegations.

65.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 65 of the Complaint and on that basis denies those allegations.

66.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 66 of the Complaint and on that basis denies those allegations.

67.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 67 of the Complaint and on that basis denies those allegations.

68.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 68 of the Complaint and on that basis denies those allegations.

**Spirit Music Group**

69.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 69 of the Complaint and on that basis denies those allegations.

70.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 70 of the Complaint and on that basis denies those allegations.

**The Royalty Network**

71.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 71 of the Complaint and on that basis denies those allegations.

72.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 72 of the Complaint and on that basis denies those allegations.

**Ultra Music Publishing**

73.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 73 of the Complaint and on that basis denies those allegations.

74.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 74 of the Complaint and on that basis denies those allegations.

75.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 75 of the Complaint and on that basis denies those allegations.

76.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 76 of the Complaint and on that basis denies those allegations.

**Universal Music Publishing Group**

77.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 77 of the Complaint and on that basis denies those allegations.

78.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 78 of the Complaint and on that basis denies those allegations.

79.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 79 of the Complaint and on that basis denies those allegations.

80.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 80 of the Complaint and on that basis denies those allegations.

81.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 81 of the Complaint and on that basis denies those allegations.

82.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 82 of the Complaint and on that basis denies those allegations.

83.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 83 of the Complaint and on that basis denies those allegations.

84.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 84 of the Complaint and on that basis denies those allegations.

**Warner Chappell**

85.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 85 of the Complaint and on that basis denies those allegations.

86.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 86 of the Complaint and on that basis denies those allegations.

87.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 87 of the Complaint and on that basis denies those allegations.

88.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 88 of the Complaint and on that basis denies those allegations.

89.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 89 of the Complaint and on that basis denies those allegations.

90.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 90 of the Complaint and on that basis denies those allegations.

91.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 91 of the Complaint and on that basis denies those allegations.

92.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 92 of the Complaint and on that basis denies those allegations.

93.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 93 of the Complaint and on that basis denies those allegations.

94.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 94 of the Complaint and on that basis denies those allegations.

**Wixen**

95.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 95 of the Complaint and on that basis denies those allegations.

96.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 96 of the Complaint and on that basis denies those allegations.

**B.      *Twitter***

97.      Defendant admits that it is a corporation organized under the laws of Nevada, with its principal place of business in San Francisco, California, and that it is doing business as X. Defendant otherwise denies the remaining allegations of Paragraph 97.[1]

98.      Defendant denies that there has been any wrongdoing, but otherwise admits the allegations in Paragraph 98.

## PUBLISHERS AND THEIR COPYRIGHTS

99.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 99 of the Complaint and on that basis denies those allegations.

100.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 100 of the Complaint and on that basis denies those allegations.

101.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 101 of the Complaint and on that basis denies those allegations.

102.      Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 102 of the Complaint and on that basis denies those allegations.

---

[1]  "X" was formerly known as "Twitter."  "Posts" used to be known as "tweets."  For the sake of simplicity, Defendant will not make this distinction, or similar distinctions, in response to each paragraph below.

103.     Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 103 of the Complaint and on that basis denies those allegations.

104.     Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 104 of the Complaint and on that basis denies those allegations.

105.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 105 of the Complaint and on that basis denies those allegations.

106.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 106 of the Complaint and on that basis denies those allegations.

107.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 107 of the Complaint and on that basis denies those allegations.

108.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 108 of the Complaint and on that basis denies those allegations.

109.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 109 of the Complaint and on that basis denies those allegations.

110.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 110 of the Complaint and on that basis denies those allegations.

111.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 111 of the Complaint and on that basis denies those allegations.

## TWITTER AND ITS INFRINGING CONDUCT

**A.** *The Twitter Platform Generally*

112.    Defendant admits the allegations in Paragraph 112, except it denies that it directs its platform to Tennessee, that it tracks all forms of engagement mentioned in Paragraph 112, or that it calls its user's public posts "tweets."

113.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 113 of the Complaint, and on that basis denies those allegations.

114.    Defendant admits the allegations in Paragraph 114 of the Complaint, except that it denies that it only requires the user to provide it with a name and either an email address or phone number to register an account.

115.    Defendant admits the allegations in Paragraph 115 of the Complaint.

116.    Defendant admits that certain of its posts may be available on select web search engines, but otherwise denies the remaining allegations in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations in Paragraph 117 of the Complaint.

118.    Defendant denies the allegations in Paragraph 118 of the Complaint.

119.    Defendant admits the allegations in Paragraph 119 of the Complaint.

120.    Defendant admits the allegations in Paragraph 120 of the Complaint to the extent they concern the general operation of the website, but otherwise denies that the website involves active, intentional, non-automatic conduct and the remaining allegations in Paragraph 120 of the Complaint.

121.    Defendant admits that users can view videos through the Media tab which includes posts that contain attached media such as images and videos. Defendant otherwise denies the remaining allegations in Paragraph 121 of the Complaint.

122.     Defendant admits that certain users of the X platform can be "verified," which may be indicated by a blue checkmark next to their profile name.  Defendant denies that verification is a feature of "Twitter Blue," and otherwise denies the remaining allegations in Paragraph 122 of the Complaint.

123.     Defendant admits that users can view embedded videos in posts, but otherwise denies that the website involves active, intentional, non-automatic conduct.

124.     Defendant denies the allegations in Paragraph 124 of the Complaint.

125.     Defendant denies the allegations in Paragraph 125 of the Complaint.

**B.**     ***Music Fuels Twitter's Business Model***

126.     Defendant admits that the X platform was created in 2006, that Defendant had its initial public offering in 2013, and that Defendant was acquired by Mr. Musk in 2022, and has thereafter been privately held by him.  Defendant otherwise denies the allegations in Paragraph 126 of the Complaint.

127.     Defendant admits that X allows images and AV content to be embedded in posts. Defendant otherwise denies the remaining allegations in Paragraph 127 of the Complaint.

128.     Defendant admits that it measures the number of active accounts and the level of engagement by them, and admits that viewers who do not have an account on X may view posts on the X platform.  Defendant otherwise denies the remaining allegations in Paragraph 128 of the Complaint.

129.     Defendant denies the allegations in Paragraph 129 of the Complaint.

130.     Defendant admits that its 2021 advertising revenue totaled $4.51 billion, and its data licensing and other revenue totaled $571.8 million, an increase of 12% compared to 2020. Defendant otherwise denies the remaining allegations in Paragraph 130 of the Complaint.

131.     Defendant admits that its data partners may purchase data licenses to access, search, and analyze historical and real-time posts.  Defendant otherwise denies the remaining allegations in Paragraph 131 of the Complaint, including that there are any "infringing tweets."

132.     Defendant admits that it offers advertisers various services and admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, Defendant's Terms of Service, and that the content of any such Terms of Service, considered fully and in context, would speak for itself.  Defendant otherwise denies the remaining allegations in Paragraph 132 of the Complaint.

133.     Defendant admits that it provides geo-targeting options to advertisers but otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 133 of the Complaint, including as to the authenticity of the screenshots, and on that basis denies those allegations.

134.     Defendant admits that it offers a paid subscription to users that includes features unavailable to those with a free account and that X Premium subscribers can make posts of up to 25,000 characters and videos of up to about three hours long.  Defendant otherwise denies the remaining allegations in Paragraph 134 of the Complaint.

135.     Defendant denies the allegations in Paragraph 135 of the Complaint.

136.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 136 of the Complaint, including as to the authenticity of the screenshot, and on that basis denies those allegations.

137.     Defendant admits that it controls the account "@music" and that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, certain statements, and that

the content of any such statements, considered fully and in context, would speak for themselves. Defendant otherwise denies the remaining allegations in Paragraph 137 of the Complaint.

138.    Defendant admits that video content appears on the X platform.  Defendant otherwise denies the remaining allegations in Paragraph 138 of the Complaint.

139.    Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, certain statements, and that the content of any such statements, considered fully and in context, would speak for themselves.  Defendant otherwise denies the allegations in Paragraph 139 of the Complaint.

140.    Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, certain statements made by an unidentified account, and that the content of any such statements, considered fully and in context, would speak for themselves. Defendant otherwise denies the allegations in Paragraph 140 of the Complaint.

141.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in the final sentence of Paragraph 141 of the Complaint and on that basis denies those allegations.  Defendant otherwise denies the allegations in Paragraph 141 of the Complaint.

142.    Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, certain filings with the U.S. Securities and Exchange Commission, and that the content of any such filings, considered fully and in context, would speak for themselves.  Defendant otherwise denies the allegations in Paragraph 142 of the Complaint.

C.    *The Proliferation of Infringing Music on Twitter*

143.    Defendant denies the allegations in Paragraph 143 of the Complaint.

144.    Defendant denies the allegations in Paragraph 144 of the Complaint.

145.     Defendant admits that it does not currently have a licensing deal with Plaintiffs. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 145 of the Complaint and on that basis denies those allegations.

146.     Defendant denies the allegations in Paragraph 146 of the Complaint.

147.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 147 of the Complaint, including as to the authenticity of the screenshot, and on that basis denies those allegations.

148.     Defendant denies the allegations in Paragraph 148 of the Complaint.

**D.     *Twitter's Failure to Address Known Infringers and Infringements***

149.     Defendant denies the allegations in Paragraph 149 of the Complaint.

150.     Defendant admits that it received notices from third party, the NMPA. Defendant denies the remaining allegations in Paragraph 150 of the Complaint.

151.     Defendant admits that it received notices from third party, the NMPA. Defendant denies the remaining allegations in Paragraph 151 of the Complaint.

152.     Defendant denies the allegations in Paragraph 152 of the Complaint.

153.     Defendant denies the allegations in Paragraph 153 of the Complaint.

154.     Defendant admits that it respects the rights of rightsholders and complies with the requirements of the DMCA including by expeditiously removing complained-of content when it receives a valid DMCA notice, and admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, a Letter to the U.S. Representatives, and that the content of any such letter, considered fully and in context, would speak for itself.  Defendant denies the remaining allegations in Paragraph 154 of the Complaint.

155.     Defendant denies the allegations in Paragraph 155 of the Complaint.

**1.     *Twitter Delayed or Failed to Take Down Specific Infringing Material***

156.     Defendant denies the allegations in Paragraph 156 of the Complaint.

157.     Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, Defendant's "Copyright policy," and that the content of Defendant's Copyright policy, considered fully and in context, would speak for itself.  Defendant otherwise denies the allegations in Paragraph 157 of the Complaint.

158.     Defendant denies the allegations in Paragraph 158 of the Complaint.

159.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 159 of the Complaint and on that basis denies those allegations.

160.     Defendant denies the allegations in Paragraph 160 of the Complaint.

161.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 161 of the Complaint and on that basis denies those allegations.

162.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 162 of the Complaint and on that basis denies those allegations.

### 2.     *Twitter Failed to Implement a Policy to Terminate Repeat Infringers*

163.     Defendant denies the allegations in Paragraph 163 of the Complaint.

164.     Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, Defendant's Copyright policy, and that the content of Defendant's Copyright policy, considered fully and in context, would speak for itself.  Defendant otherwise denies the allegations in Paragraph 164 of the Complaint.

165.     Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, Defendant's Copyright policy, and that the content of Defendant's Copyright policy, considered fully and in context, would speak for itself.  Defendant otherwise denies the allegations in Paragraph 165 of the Complaint.

166.     Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, Defendant's Copyright policy, and that the content of Defendant's Copyright policy, considered fully and in context, would speak for itself.  Defendant otherwise denies the allegations in Paragraph 166 of the Complaint.

167.     Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, a version of Defendant's copyright policy, and the content of that version, considered fully and in context, would speak for itself.  Defendant otherwise denies the allegations in Paragraph 167 of the Complaint.

168.     Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, a statement by Defendant, and that the content of Defendant's statement, considered fully and in context, would speak for itself.  Defendant otherwise denies the allegations in Paragraph 168 of the Complaint.

169.     Defendant denies the allegations in Paragraph 169 of the Complaint.

170.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 170 of the Complaint and on that basis denies those allegations.

171.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 171 of the Complaint and on that basis denies those allegations.

172.      Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, a statement by Defendant, and that the content of Defendant's statement, considered fully and in context, would speak for itself.  Otherwise, Paragraph 172 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of Paragraph 172.

173.     Defendant denies the allegations in Paragraph 173 of the Complaint.

174. Defendant denies the allegations in Paragraph 174 of the Complaint.

175. Defendant lacks knowledge or information sufficient to admit or deny the allegations in bullet points of Paragraph 175 of the Complaint and on that basis denies those allegations. Defendant otherwise denies the allegations in Paragraph 175 and Footnote 11 of the Complaint.

176. Defendant denies the allegations in Paragraph 176 of the Complaint.

177. Defendant denies the allegations in Paragraph 177 of the Complaint.

178. Defendant denies the allegations in Paragraph 178 of the Complaint.

### 3. *Twitter's Right and Ability to Supervise and Control its Users' Activity*

179. Defendant denies the allegations in Paragraph 179 of the Complaint.

180. Defendant admits that it informs users that it has a variety of enforcement options and that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, Defendant's Terms of Service, and that the contents of Defendant's Terms of Service, considered fully and in context, would speak for themselves. Defendant otherwise denies the allegations in Paragraph 180 of the Complaint.

181. Defendant admits that it can block or remove content that violates "The X Rules" and that Plaintiffs purport to characterize and paraphrase, selectively and out of context, Defendant's X Rules, and that the contents of Defendant's X Rules, considered fully and in context, would speak for themselves. Defendant otherwise denies the allegations in Paragraph 181 of the Complaint.

182. Defendant denies the allegations in Paragraph 182 of the Complaint.

183. Defendant denies the allegations in Paragraph 183 of the Complaint.

184. Defendant admits that it complies with the requirements of the DMCA but denies the remaining allegations in Paragraph 184 of the Complaint.

20

185.     Defendant denies the allegations in Paragraph 185 of the Complaint.

**E.     *The Infringing Activity Is Only Worsening***

186.     Defendant denies the allegations in Paragraph 186 of the Complaint.

187.     Defendant admits that it received notices from third party, the NMPA. Defendant further admits that it has fewer employees today than it did at the time of the change of control. To the extent the allegations in Paragraph 187 characterize Defendant's business decisions, Defendant denies that Plaintiffs have accurately and completely done so.  Defendant denies the remaining allegations in Paragraph 187 of the Complaint.

188.     Defendant admits that Yoel Roth was an employee of Defendant and left the company in November 2022 and that Ella Irwin was an employee of Defendant who left the company in May 2023.  To the extent the allegations in Paragraph 188 purport to quote and characterize Mr. Roth's statement, Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, an article from the New York Times, and that the content of any such article, considered fully and in context, would speak for itself.  Defendant otherwise denies the remaining allegations in Paragraph 188 of the Complaint.

189.     Defendant denies the allegations in Paragraph 189 of the Complaint.

190.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 190 of the Complaint, which purport to selectively characterize and paraphrase from unidentified sources, and on that basis denies those allegations.

191.     Defendant admits that Plaintiffs purport to characterize, paraphrase and quote, selectively and out of context, a post by Elon Musk, and that the content of any such post, considered fully and in context, would speak for itself.  Defendant otherwise denies the allegations in Paragraph 191 of the Complaint.

### F. *The Harm to Publishers*

192. Defendant denies the allegations in Paragraph 192 of the Complaint.

193. Defendant denies that there has been any wrongdoing. Defendant otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 193 of the Complaint and on that basis denies those allegations.

194. Defendant denies that there has been any wrongdoing. Defendant otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 194 of the Complaint and on that basis denies those allegations.

195. Defendant denies that there has been any wrongdoing. Defendant otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 195 of the Complaint and on that basis denies those allegations.

196. Defendant denies that there has been any wrongdoing. Defendant otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 196 of the Complaint and on that basis denies those allegations.

197. Defendant denies the allegations in Paragraph 197 of the Complaint.

198. Defendant denies the allegations in Paragraph 198 of the Complaint.

## CLAIMS FOR RELIEF

### Count I – Direct Copyright Infringement

199. Plaintiffs' Count I for Direct Copyright Infringement has been dismissed with prejudice. ECF 90-91. Defendant is under no obligation to answer this allegation.

200. Plaintiffs' Count I for Direct Copyright Infringement has been dismissed with prejudice. ECF 90-91. Defendant is under no obligation to answer this allegation.

201. Plaintiffs' Count I for Direct Copyright Infringement has been dismissed with prejudice. ECF 90-91. Defendant is under no obligation to answer this allegation.

202.    Plaintiffs' Count I for Direct Copyright Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

203.    Plaintiffs' Count I for Direct Copyright Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

204.    Plaintiffs' Count I for Direct Copyright Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

205.    Plaintiffs' Count I for Direct Copyright Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

## Count II – Contributory Infringement

206.    Defendant incorporates by reference its responses to Paragraphs 1 through 205 of the Complaint.

207.    Plaintiffs' Count II for Contributory Infringement has been dismissed in part with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation to the extent it supports the portion of the claim that has been dismissed.  Defendant admits that Exhibit A to the Complaint purports to list the works alleged by Plaintiffs in this action. Paragraph 207 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 207 of the Complaint.

208.    Plaintiffs' Count II for Contributory Infringement has been dismissed in part with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation to the extent it supports the portion of the claim that has been dismissed.  Paragraph 208 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 208 of the Complaint.

209.    Plaintiffs' Count II for Contributory Infringement has been dismissed in part with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation to the extent it

supports the portion of the claim that has been dismissed. Paragraph 209 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 209 of the Complaint.

210. Plaintiffs' Count II for Contributory Infringement has been dismissed in part with prejudice. ECF 90-91. Defendant is under no obligation to answer this allegation to the extent it supports the portion of the claim that has been dismissed. Paragraph 210 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 210 of the Complaint.

211. Plaintiffs' Count II for Contributory Infringement has been dismissed in part with prejudice. ECF 90-91. Defendant is under no obligation to answer this allegation to the extent it supports the portion of the claim that has been dismissed. Paragraph 211 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 211 of the Complaint.

212. Plaintiffs' Count II for Contributory Infringement has been dismissed in part with prejudice. ECF 90-91. Defendant is under no obligation to answer this allegation to the extent it supports the portion of the claim that has been dismissed. Paragraph 212 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 212 of the Complaint.

213. Plaintiffs' Count II for Contributory Infringement has been dismissed in part with prejudice. ECF 90-91. Defendant is under no obligation to answer this allegation to the extent it supports the portion of the claim that has been dismissed. Paragraph 213 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 213 of the Complaint.

214.     Plaintiffs' Count II for Contributory Infringement has been dismissed in part with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation to the extent it supports the portion of the claim that has been dismissed.   Paragraph 214 contains legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations contained in Paragraph 214 of the Complaint.

## Count III – Vicarious Infringement

215.     Plaintiffs' Count III for Vicarious Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

216.     Plaintiffs' Count III for Vicarious Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

217.     Plaintiffs' Count III for Vicarious Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

218.     Plaintiffs' Count III for Vicarious Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

219.     Plaintiffs' Count III for Vicarious Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

220.     Plaintiffs' Count III for Vicarious Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

221.     Plaintiffs' Count III for Vicarious Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

222.     Plaintiffs' Count III for Vicarious Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

223.     Plaintiffs' Count III for Vicarious Infringement has been dismissed with prejudice. ECF 90-91.  Defendant is under no obligation to answer this allegation.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies any allegations associated with Plaintiffs' Prayer for Relief and denies that Plaintiffs are entitled to any relief.

## JURY TRIAL DEMAND

Defendant demands a trial by jury of all issues that are so triable.

## AFFIRMATIVE DEFENSES

Defendant identifies the following affirmative defenses and reserves the right to raise additional defenses as discovery proceeds. Defendant does not assume the burden of proof on any issue, however characterized, on which it does not bear that burden. Defendant reserves all affirmative defenses not stated herein under Rule 8(c) of the Federal Rules of Civil Procedure and any other defense at law or in equity that may now exist or in the future be available based upon discovery and further investigation in this case.

1. The Complaint, and the sole remaining claim (Count II – "Contributory Infringement") within it, fails to state facts sufficient to constitute a claim upon which relief can be granted.

2. The statute of limitations bars Plaintiffs' claim based on contributory liability to the extent Plaintiffs allege infringements that accrued outside the three-year limitations period, including any applicable tolling of the limitations period.

3. Plaintiffs' claim based on contributory liability is barred or their damages are limited because any infringement was innocent and was not willful.

4. Plaintiffs' claim based on contributory liability is barred because Plaintiffs cannot establish primary liability.

5. Plaintiffs' claim based on contributory liability is barred because Defendant did not have the requisite knowledge of the alleged primary infringement and did not cause, encourage, or induce the alleged primary infringement.

6. Plaintiffs' claim based on contributory liability is barred because Defendant did not materially contribute to the alleged primary infringement.

7. Plaintiffs' claim based on contributory liability is barred because Defendant's social media service has substantial non-infringing uses.

8. Plaintiffs' failure to mitigate damages bars their claim based on contributory liability or limits their recovery on that claim.

9. The doctrine of unclean hands bars Plaintiffs' claim based on contributory liability.

10. The doctrines of waiver and estoppel bar Plaintiffs' claim based on contributory liability.

11. Plaintiffs' claim based on contributory liability is barred to the extent Plaintiffs do not own copyrights in the works underlying their claim.

12. The Court lacks subject matter jurisdiction over Plaintiffs' claim based on contributory liability to the extent it depends upon works for which Plaintiffs have not obtained copyright registrations.

13. To the extent that Plaintiffs or their predecessors did not register copyrights before the alleged infringements or within three months of the first publication of published works, the failure to register timely bars Plaintiffs' claim for statutory damages and attorneys' fees.

14. To the extent that Plaintiffs rely upon copyright registrations that rest upon misstatements or fraud, those misstatements or fraud bar Plaintiffs' claim based on contributory liability.

15. To the extent that Plaintiffs failed to comply with copyright renewal, notice, and registration requirements and/or other formalities, Plaintiffs' claim based on contributory liability is barred.

16. Plaintiffs' claim based on contributory liability is barred because the statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may be sustained, in violation of the Due Process clause of the United States Constitution.

17. Application of the Copyright Act and its remedies to the conduct of Defendant and its subscribers as Plaintiffs request would violate the Due Process clause of the United States Constitution.

18. Plaintiffs' claim based on contributory liability is barred by the First Amendment to the United States Constitution.

19. To the extent Plaintiffs can establish any underlying direct infringement or secondary infringement, Defendant's liability and Plaintiffs' remedies are limited because Defendant qualifies for "safe harbor" under the Digital Millennium Copyright Act ("DMCA") 17 U.S.C. § 512.

Dated: January 27, 2025                    Respectfully Submitted,

By: */s/ Andrew H. Schapiro*                By: */s/ Aubrey B. Harwell III*
Andrew H. Schapiro (pro hac vice)          Aubrey B. Harwell III (No. 017394)
QUINN EMANUEL URQUHART &                    William J. Harbison II (No. 33330)
SULLIVAN, LLP                               Olivia Arboneaux (No. 40225)
191 N. Wacker Drive, Suite 2700             NEAL & HARWELL, PLC
Chicago, IL 60606                           1201 Demonbreun Street, Suite 1000

Telephone: (312) 705-7400
andrewschapiro@quinnemanuel.com

Alex Spiro (*pro hac vice*)
Jessica A. Rose (*pro hac vice*)
Dylan I. Scher (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
alexspiro@quinnemanuel.com
jessicarose@quinnemanuel.com
dylanscher@quinnemanuel.com

Nashville, Tennessee 37203
Telephone: (615) 244-1713
Facsimile: (615) 726-0573
tharwell@nealharwell.com
jharbison@nealharwell.com
oarboneaux@nealharwell.com

David Eiseman (pro hac vice)
Linda J. Brewer (pro hac vice)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
davideiseman@quinnemanuel.com
lindabrewer@quinnemanuel.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on January 27, 2025 with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system.

Steven A. Riley
John R. Jacobson
Tim Harvey
Grace C. Peck
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
jjacobson@rjfirm.com
tharvey@rjfirm.com
gpeck@rjfirm.com

Scott A. Zebrak
Matthew J. Oppenheim
Keith Howell
Meredith Stewart
OPPENHEIM +ZEBRAK, LLP
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
scott@oandzlaw.com
matt@oandzlaw.com
khowell@oandzlaw.com
mstewart@oandzlaw.com

Alexander Kaplan
Carly Rothman
Andrew Guerra
Matthew Cooper
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
alex@oandzlaw.com
carly@oandzlaw.com
andrew@oandzlaw.com
mcooper@oandzlaw.com

*Attorneys for Plaintiffs*

By: */s/ Aubrey B. Harwell III*
Aubrey B. Harwell III