IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONCORD MUSIC GROUP, INC. ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> X CORP., D/B/A TWITTER, <br><br> Defendant. | Case No. 3:23-cv-00606 <br><br> District Judge Aleta A. Trauger |

## ORDER SUPPLEMENTING PROTECTIVE ORDER FOR COMMERCIALLY SENSITIVE BUSINESS INFORMATION

WHEREAS, Concord Music Group, Inc. et. al., (collectively, "Plaintiffs") and Defendant X Corp., D/B/A/ Twitter ("Defendant") (collectively, "Parties") have determined that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of commercially sensitive trade secret, financial or business information, or other proprietary information, warranting a supplement to the existing Protective Order (ECF No. 104);

WHEREAS, the Parties ask that the Court enter this Order that supplements and adds to the existing Protective Order (Doc No. 104) to protect against unwarranted disclosure of certain commercially sensitive financial or business information in accordance with Federal Rule of Civil Procedure 26(c).

THEREFORE, it is hereby stipulated among the Parties and ORDERED by the Court that:

1.      A producing party, including any Party to this action and any non-party producing information voluntarily or pursuant to a subpoena or court order, may designate any commercially sensitive financial or business information as RESTRICTED COMPETITIVELY SENSITIVE

INFORMATION. The receiving party shall have the right to challenge any such designation pursuant to paragraph 13 of the Protective Order.

2. Information designated as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION shall be treated as Protected Information under the Protective Order.

3. For information designated as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION, access to such Protected Material shall be limited to the following persons:

   a. Outside counsel referenced in paragraph 6(a)(i) of the Protective Order and their support personnel, but limited only to attorneys who have appeared in this Action on behalf of a Party and are not employees of a party to this Action;

   b. Independent experts or consultants referenced in paragraph 6(a)(iii) of the Protective Order, pursuant to paragraph 6(a)(iii)'s disclosure procedures; and

   c. Individuals referenced in paragraph 6(a)(iv)-(vii) of the Protective Order.

4. If any Party intends to discuss or disclose information designated as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION in a deposition, the Party must first inform the participants of the deposition prior to disclosure so that the court reporter may designate the transcript as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION and segregate Protected Information designated as such into separate transcripts to the extent possible; in order to remove any individuals not authorized to access RESTRICTED COMPETITIVELY SENSITIVE INFORMATION from the deposition; and to otherwise provide the Parties an opportunity to object.

5. The Parties may designate a transcript as RESTRICTED COMPETITIVELY SENSITIVE INFORMATION as set forth in paragraph 7 of the Protective Order.

6. Notwithstanding the requirements set forth in paragraph 15 of the Protective Order, upon final termination of this Action, all Parties shall destroy all documents designated

RESTRICTED COMPETITIVELY SENSITIVE INFORMATION within fourteen (14) days, and shall destroy all expert reports containing information within documents designated RESTRICTED COMPETITIVELY SENSITIVE INFORMATION within fourteen (14) days. Upon destruction, Parties will certify to each other that all documents designated RESTRICTED COMPETITIVELY SENSITIVE INFORMATION has been destroyed.

It is SO ORDERED.

_____
Aleta A. Trauger
United States District Judge

Agreed to and submitted for entry:

s/ *Steven A. Riley*
Steven A. Riley (No. 6258)
Grace C. Peck (No. 38558)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rjfirm.com
gpeck@rjfirm.com

Scott A. Zebrak (admitted *pro hac vice*)
Meredith Stewart (admitted *pro hac vice*)
OPPENHEIM +ZEBRAK, LLP
4530 Wisconsin Ave., NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
scott@oandzlaw.com
mstewart@oandzlaw.com

Alexander Kaplan (admitted *pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156 alex@oandzlaw.com
alex@oandzlaw.com

*Attorneys for Plaintiffs*

s/ William J. Harbison II w/permission
Aubrey B. Harwell III (No. 017394)
William J. Harbison II (No. 33330)
Olivia Arboneaux (No. 40225)
NEAL & HARWELL, PLC
1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
Telephone: (615) 244-1713
tharwell@nealharwell.com
jharbison@nealharwell.com
oarboneaux@nealharwell.com

Alex Spiro (admitted *pro hac vice*)
Jessica A. Rose (admitted *pro hac vice*)
Dylan I. Scher (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY 10011
Tel: (212) 849-7000
alexspiro@quinnemanuel.com
jessicarose@quinnemanuel.com
dylanscher@quinnemanuel.com

Andrew H. Schapiro (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Tel: (312) 705-7400
Email: andrewschapiro@quinnemanuel.com

David Eiseman (admitted *pro hac vice*)
Linda J. Brewer (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: (415) 875-6600
Email: davideiseman@quinnemanuel.com
Email: lindabrewer@quinnemanuel.com

*Attorneys for Defendant*