# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

CONCORD MUSIC GROUP, INC. ET AL.,

    *Plaintiffs*,

  v.

X CORP., D/B/A TWITTER,

    *Defendant*.

Case No. 3:23-cv-00606
District Judge Aleta A. Trauger

## DEFENDANT X CORP.'S MOTION TO COMPEL
## PLAINTIFFS TO PRODUCE LICENSE AGREEMENTS

Defendant X Corp. ("X") respectfully moves to compel Plaintiffs to produce their license agreements (and related information) with other social media companies. As explained more fully in the accompanying Memorandum of Law, the actual license agreements – and accompanying information such as financial modeling and litigation threats surrounding negotiations – are necessary for X's experts to accurately evaluate those licenses as potential benchmarks for their damages opinions. Plaintiffs' proposal to produce only raw revenue data, devoid of context, is not enough. While Plaintiffs have raised confidentiality concerns, the unusually restrictive, negotiated Protective Order fully addresses those. And the Plaintiffs ignore that courts and regulators have repeatedly ordered the production of these and similar license agreements in other cases.

Pursuant to the Case Management Order (Dkt. No. 101) and Local Rule 7.01(a), the parties have held multiple meet and confers on this issue, as well as a teleconference with the Court during which Plaintiffs opposed the requested relief. X now submits this Motion pursuant to the Court's Order establishing a briefing schedule for both sides. (Dkt. No. 171).

NSH 3711301.1

Accordingly, for the reasons set forth in the accompanying Memorandum of Law, Defendant moves the Court to compel Plaintiffs to produce their license agreements with Meta, YouTube, TikTok, Snap, and Twitch that were operative during the relevant discovery period. Defendant moves the Court to also compel Plaintiffs to produce documents showing how parties negotiated and valued any flat-fee payment arrangements, litigation threats made in connection with the license agreements, and documents showing each platform's active users and total streams, plays, or uses of the licensed compositions.

Dated: March 20, 2026

Joshua D. Branson (*pro hac vice*)
Scott H. Angstreich (*pro hac vice*)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
jbranson@kellogghansen.com
sangstreich@kellogghansen.com

Respectfully submitted,

*/s/ Chase Fann*
Stephen J. Zralek (No. 18971)
S. Chase Fann (No. 36794)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Tel: (615) 238-6300
Fax: (615) 238-6301
szralek@spencerfane.com
cfann@spencerfane.com

*Counsel for Defendant X Corp.*

2

NSH 3711301.1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2026, I filed the foregoing document with the Court and served it on counsel through the Court's CM/ECF system.  Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system.

John R. Jacobson
Steven Allen Riley
Timothy G. Harvey
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
jjacobson@rjfirm.com
sriley@rjfirm.com
tharvey@rjfirm.com

Kathleen E. Wills
Keith T. Howell
Matthew J. Oppenheim
Meredith E. Stewart
Scott A. Zebrak
Oppenheim & Zebrak, LLP
4530 Wisconsin Ave. NW
5th Floor
Washington, DC 20016
kwills@oandzlaw.com
khowell@oandzlaw.com
matt@oandzlaw.com
mstewart@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Alexander Kaplan
Andrew L. Guerra
Carly Rothman
Daryl Lian Kleiman
Oppenheim & Zebrak, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
alex@oandzlaw.com
andrew@oandzlaw.com
carly@oandzlaw.com
dkleiman@oandzlaw.com

*/s/ Chase Fann*
Chase Fann

NSH 3711301.1