CONCORD MUSIC GROUP, INC. ET AL.,

          *Plaintiffs*,

    v.

X CORP., D/B/A TWITTER,

          *Defendant*.

Case No. 3:23-cv-00606
District Judge Aleta A. Trauger

## NOTICE OF SUPREME COURT DECISION AND
## REQUEST FOR A STATUS CONFERENCE

Two days ago, the Supreme Court decided *Cox Communications, Inc. v. Sony Music Entertainment* (opinion attached as Ex. A). There the Supreme Court rejected the once-prevailing lower-court view of contributory infringement that led this Court to deny in part X's motion to dismiss. *Cox* holds that a "provider of a service is contributorily liable for the user's infringement only if it intended that the provided service be used for infringement." Slip Op. at 7. Such intent "can be shown *only* if the party [1] induced the infringement or [2] the provided service is tailored to that infringement." *Id.* (emphasis added). For inducement, the provider must "actively encourag[e] infringement through specific acts," such as by "promot[ing] and market[ing] their [service] as a tool to infringe copyrights." *Id.* For tailoring, the service must "not [be] capable of substantial or commercially significant noninfringing uses." *Id.* No other contributory-liability theory remains viable beyond "[t]hese two forms of contributory infringement." *Id.* at 8.

Under *Cox*, the liability theories that survived X's motion to dismiss fail as a matter of law. For that reason, X intends to file a dispositive motion under Rule 12(c) or alternatively Rule 54(b). At the same time, X is mindful of the Court's schedule and recognizes that it recently declined to

stay proceedings while the parties waited for the Court to release its opinion in *Cox*. X does not wish to rehash issues the Court already decided. But now that the Supreme Court has released its opinion – and adopted a new legal rule foreclosing Plaintiffs' sole surviving claim – X respectfully requests a status conference to discuss with the Court the most efficient way to resolve these issues.

Under *Cox*'s inducement-or-tailoring holding, the Court should dismiss this lawsuit. Plaintiffs made no allegation of tailoring, because X's social-media "service was clearly capable of substantial or commercially significant noninfringing uses." *Id*. at 9. Nor did Plaintiffs allege "specific acts" through which X "actively encourage[d] infringement." *Id.* at 7. *Cox*'s facts show why. There the music companies argued that Cox "was engaged in an *active campaign* to look the other way and permit known and repeat infringing uses and users to continue on its platform." NMPA Amicus Br. at 21, https://bit.ly/3MLt2VG. Cox even expressed contempt for copyright law, writing emails with comments like "F the DMCA." *Id*. Despite these facts, the Supreme Court had no trouble reversing the jury's contributory-infringement verdict, because such facts were not "evidence of express promotion, marketing, and intent to promote infringement." Slip Op. at 9. The same reasoning controls here. As the concurrence noted, the Supreme Court's ruling means that service providers are not contributorily liable even if they serve "every single infringer who wants [service] without lifting a finger to prevent infringement." Concurring Op. at 6.

If the Supreme Court had issued this opinion three years ago, X believes this Court would have dismissed Plaintiffs' contributory-infringement claim in its entirety. Indeed, virtually every contributory-infringement case Plaintiffs cited in opposing X's motion to dismiss – including the Fourth Circuit case on which this Court relied (Dkt. 90 at 17) – is no longer good law. *See*, *e.g.*, Dkt. 167 at 11. That is also true of the Sixth Circuit's decisions recognizing liability for "materially contribut[ing] to the infringing conduct of another." *Bridgeport Music, Inc. v. WM Music Corp.*,

508 F.3d 394, 398 (6th Cir. 2007) (cited in Dkt. 90 at 14). After *Cox*, that category of contributory infringement no longer exists. This Court did not have the benefit of *Cox* when it previously applied these precedents to hold that Plaintiffs' "allegations regarding some specific practices . . . plausibly fall into the category of materially contributing to infringement." Dkt. 90 at 16. Now that the Supreme Court has clarified the liability standard and abrogated the authority cited in the Court's previous order, the Court should dismiss this case in its entirety.

X is sensitive to the schedule and recognizes that the Court denied X's request to stay proceedings while awaiting the *Cox* decision a few weeks ago. X has taken the Court's guidance to heart and is continuing to meet the current deadlines, including opening expert reports due April 10. If the Court would prefer to address these issues at summary judgment, X is prepared to do so. But both sides are now poised to spend millions of dollars in fees and expert expenses in the coming months on issues that *Cox* makes irrelevant as a matter of law. This Court, too, will be asked to decide many issues – such as X's pending motion to compel the production of Plaintiffs' license agreement with other social-media platforms, an array of likely *Daubert* motions, and summary-judgment motions – that *Cox* has rendered moot. Before the Court and the parties forge ahead with all that work on a defunct legal theory, X believes a status conference is warranted.

X intends to file a motion for judgment on the pleadings or, in the alternative, for reconsideration of the Court's motion-to-dismiss ruling given this substantial intervening change in law. X proposes discussing with the Court (and with Plaintiffs) an efficient, streamlined way to resolve these issues in light of the current deadlines. If the Court would find it helpful, X and its counsel would propose that such a conference be in-person.

3

Dated:  March 27, 2026

Respectfully submitted,

Joshua D. Branson (*pro hac vice*)
Scott H. Angstreich (*pro hac vice*)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
jbranson@kellogghansen.com
sangstreich@kellogghansen.com

*/s/ Stephen Zralek*
Stephen J. Zralek (No. 18971)
S. Chase Fann (No. 36794)
SPENCER FANE LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219
Tel:  (615) 238-6300
Fax:  (615) 238-6301
szralek@spencerfane.com
cfann@spencerfane.com

*Counsel for Defendant X Corp.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I filed the foregoing document with the Court

and served it on counsel through the Court's CM/ECF system.  Notice of this filing will be sent

to all parties and counsel of record by operation of the Court's CM/ECF system.

John R. Jacobson
Steven Allen Riley
Timothy G. Harvey
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
jjacobson@rjfirm.com
sriley@rjfirm.com
tharvey@rjfirm.com

Kathleen E. Wills
Keith T. Howell
Matthew J. Oppenheim
Meredith E. Stewart
Scott A. Zebrak
Oppenheim & Zebrak, LLP
4530 Wisconsin Ave. NW
5th Floor
Washington, DC 20016
kwills@oandzlaw.com
khowell@oandzlaw.com
matt@oandzlaw.com
mstewart@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Alexander Kaplan
Andrew L. Guerra
Carly Rothman
Daryl Lian Kleiman
Oppenheim & Zebrak, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
alex@oandzlaw.com
andrew@oandzlaw.com
carly@oandzlaw.com
dkleiman@oandzlaw.com

*/s/ Stephen Zralek*
Stephen J. Zralek