**IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
TENNESSEE NASHVILLE DIVISION**

| | |
|---|---|
| CONCORD MUSIC GROUP, INC. ET AL., <br><br> *Plaintiffs*, <br> v. <br><br> X CORP., D/B/A TWITTER, <br><br> *Defendants*. | Case No. 3:23-cv-00606 <br> District Judge Aleta A. Trauger |

<u>**REPORT PURSUANT TO COURT ORDER**</u>

Pursuant to the Court's March 16, 2026 Order (Dkt. 171), X Corp. submits this report detailing the investigation it conducted to identify why certain documents that were reviewed were not timely produced, and why other documents that should have been reviewed were not reviewed at all. This report also contains details about how X Corp. is remedying these deficiencies. As a result of counsel's investigation, X Corp. recently produced supplemental documents and a supplemental privilege log. There were two categories of documents for counsel to investigate. The first category concerned incorrect responsiveness coding done by contract attorneys working for X Corp.'s discovery vendor. The second concerned Mr. Baseer's custodial documents. The facts in this report are based on the accompanying declarations from lawyers at Quinn Emanuel, Kellogg Hansen, and Spencer Fane.

## I. <u>Documents Produced Late</u>

On February 4, 2026, after the deposition of Ella Irwin, the former head of X Corp.'s Trust & Safety group, Plaintiffs' counsel requested that X Corp. search for and produce documents Ms. Irwin referenced during her deposition relating to a purported "bad actor" policy. Quinn Emanuel conducted searches on all documents it had collected from custodians but did not locate the

documents referenced by Ms. Irwin. Declaration of Andrew H. Schapiro ("Schapiro Decl.") ¶ 2 (Exhibit 1).

Although the documents referenced by Ms. Irwin did not exist, Quinn Emanuel's investigation of the issue uncovered other documents that should have been, but were not, previously produced. On February 17, 2026, X Corp. made a production that included five emails it located during its investigation after Ms. Irwin's deposition. The Bates numbers of the five emails are X_0000148387, X_0000148389, X_0000148394, X_0000148395 and X_0000148396. Schapiro Decl. ¶ 3.

On February 23, 2026, counsel for Plaintiffs requested an explanation for why these documents had not been previously produced. On February 26, 2026, Quinn Emanuel responded by email that it had determined that four of the five documents (X_0000148387, X_0000148394, X_0000148395 and X_0000148396) had hit on the agreed-upon search terms, were reviewed for responsiveness by attorneys, but were coded incorrectly as non-responsive. As for the fifth document, X_0000148389, Quinn Emanuel stated that it was in the process of investigating and would provide additional information when it was available. Schapiro Decl. ¶ 4.

In a March 12, 2026 email, Quinn Emanuel provided further information to Plaintiffs' counsel about its investigation into these documents. Quinn Emanuel stated the following: "Regarding the four documents (X_0000148387, X_0000148394, X_0000148395 and X_0000148396) that were initially coded incorrectly, we have conducted additional review aimed at determining whether other documents were coded incorrectly. We reviewed (1) samples of non-responsive documents coded by first level reviewing attorneys and (2) documents returned in searches on the broader set of documents coded as non-responsive. Through this process we reviewed thousands of documents and have identified some additional documents for production."

2

Quinn Emanuel also confirmed that "[r]egarding X_0000148389, our investigation revealed that this document was part of a subset of Naser Baseer's custodial documents that were inadvertently excluded from our review" and that Quinn Emanuel was in the process of reviewing those documents. Schapiro Decl. ¶ 5.

To investigate and remedy the first issue relating to incorrect responsiveness coding that affected the first four documents, Quinn Emanuel conducted a quality control review of documents coded non-responsive as follows. First, Quinn Emanuel reviewed random samples of 200 documents that were coded non-responsive by two of the three contract attorneys that miscoded documents as non-responsive. Quinn Emanuel contract attorneys reviewed the samples and identified 1 document (a .5% overturn rate) for the first reviewer and 3 documents (a 1.5% overturn rate) for the second reviewer that should have been marked as responsive. These 4 documents were produced on March 25, 2026.

Beyond this random sampling, Quinn Emanuel ran targeted searches across the broader universe of documents that had been coded non-responsive, using search terms tailored to identify potentially responsive documents in that set. Those search terms, which are set forth below, captured over 2,000 documents:

a.      (ts-cog-leadership@twitter.com OR userops-updates@twitter.com) AND (DMCA or copyright) w/10 (policy or strike* or suspen*)

b.      (DMCA or copyright) w/10 (policy or strike* or suspen*) and the subject line is like "INFORM" and also includes "DMCA" in the subject line

c.      (DMCA or copyright) AND ((policy w/2 change*) or (repeat w/2 infring*) or (new w/3 (guidance or instruction)) or NMPA) AND (copyright w/3 polic*) and chang*

3

d.      (DMCA or copyright) AND ((policy w/2 change*) or (repeat w/2 infring*) or (new w/3 (guidance or instruction)) or NMPA) AND (copyright w/3 polic*) and new

e.      (DMCA or copyright) AND ((policy w/2 change*) or (repeat w/2 infring*) or (new w/3 (guidance or instruction)) or NMPA) AND hit on NMPA claim IDs and NMPA account names

f.      (DMCA or copyright) AND ((policy w/2 change*) or (repeat w/2 infring*) or (new w/3 (guidance or instruction)) or NMPA) AND NMPA (Schapiro Decl. ¶ 7).

Quinn Emanuel contract attorneys then conducted a review of those documents, which resulted in approximately 83 documents identified as responsive. Schapiro Decl. ¶ 7. These documents were produced on March 25th.

Following the call with the Court on March 13, 2026, lawyers at Quinn Emanuel, Kellogg Hansen, and Spencer Fane met to continue to analyze this issue as directed by the Court. After the Court entered its Order on March 16, 2026, Kellogg Hansen staff attorneys, in consultation with Spencer Fane attorneys, then reviewed a random sample of 244 documents from the third reviewer and identified 2 documents (a 0.8% overturn rate) as arguably responsive and privileged. Declaration of Kenneth M. Fetterman ("Fetterman Decl.") ¶ 5 (Exhibit 2); Declaration of Stephen Zralek ("Zralek Decl.") ¶ 2 (Exhibit 3). On March 26, 2026, Kellogg Hansen served a supplemental privilege log identifying these two documents and others.

The combination of these steps were designed to investigate and remedy the issue – incorrect responsiveness coding that affected the first four documents. Schapiro Decl. ¶ 8. X Corp. has now produced the incorrectly coded documents that the investigation uncovered. Based on the low overturn rate identified, X Corp. does not believe that any further remediation is warranted.

**II.      Documents Initially Excluded From Review and Defendants' Additional Review**

As described above, in a March 12, 2026 email, Quinn Emanuel provided further information to Plaintiffs' counsel about its investigation into these documents. Quinn Emanuel confirmed that "[r]egarding X_0000148389, Quinn Emanuel's investigation revealed that this document was part of a subset of Naser Baseer's custodial documents inadvertently excluded from review." Schapiro Decl. ¶ 8. Specifically, any document where Mr. Baseer's name appeared in the All Custodian field alongside another custodian's name was inadvertently excluded from the review set. Once this issue was identified, all of the additional Baseer documents were added to the review population. The total number of documents added was 47,201. Schapiro Decl. ¶ 8.

X Corp. has now made responsiveness determinations for those 47,201 documents – and produced responsive documents as appropriate – through these three procedures: (1) Quinn Emanuel first conducted targeted searches to remove plainly non-responsive documents from the review set; (2) Quinn Emanuel contract attorneys then manually reviewed a subset of the remaining documents; and (3) Kellogg Hansen staff attorneys in turn reviewed the rest of the documents that Quinn Emanuel did not review. In total, X Corp. identified 34 responsive documents from Mr. Baseer's files that should have been produced earlier and 9 documents that were identified as privileged. On March 26, 2026, Kellogg Hansen served these 34 documents and provided a supplemental privilege log identifying these 9 documents.[1]

---

[1] With this production, counsel has produced 114 supplemental documents and a supplemental privilege log consisting of 14 documents. The 114 documents consist cumulatively of: 4 documents identified through a manual review of random samples taken from documents which the reviewers were found to have miscoded; 83 documents identified through targeted searches of the broader universe of non-responsive-coded documents; and 34 documents identified in reviewing previously unreviewed documents from Naser Baseer's files. Counsel recognizes that those three categories sum to 121 documents, which is 7 more than the 114 new documents X Corp. produced. Counsel is continuing to investigate this issue and will ensure that, if that difference represents any unique non-privileged documents, those documents will be promptly produced.

5

*First*, Quinn Emanuel conducted targeted searches of Mr. Baseer's files to identify non-responsive documents such as correspondence relating to trademark matters, phishing related emails, and subscription emails. Specifically, Quinn Emanuel reviewed the documents and/or subject lines and file names of the documents that were returned in the searches for the following terms:

- "IP subscriptions"

- "Law360"

- "lexology"

- "Adam Weiss"

- "counterfeit products"

- "repeat infringer"

- "S.S. Rama"

- "NMPA"

- "notice of opposition"

- "invoice"

- "Watch Notice"

- "CLE"

- "End User Digest"

- "Webinar"

- "Today's General Counsel"

- "In-house Connect"

- "gambling"

- "Hogan Lovells"

- "IP Update"

- "world trademark review"

- "sportradar"

- "shelagh"

- "corsearch"

- "DMCA Force"

- "opposition deadline"

- "Chang Tsi"

- "CWB"

- "Trade Mark"

- "phishing"

- "zenithbank"

- "richardson"

- "TTAB"

- "NFT"

- "katayama"

- "trademark registration"

- "tipjar"

- "X.AI"

- "debevoise"

- "spruson"

- "SpaceX"

- "soersensen garcia"

- "application no."

- "trademark manager"

- "natalia"

(Schapiro Decl. ¶ 9).

Quinn Emanuel also identified non-responsive documents from newsletter or spam domains such as "law360.com" and "intellectualpropertylawblog.com." Schapiro Decl. ¶ 10. As a result of this process, Quinn Emanuel determined that approximately 39,452 documents from Mr. Baseer's files were non-responsive. Schapiro Decl. ¶ 11. Of the remaining documents, Quinn Emanuel contract attorneys reviewed approximately 5,525 of these documents and identified 12 that were responsive. Schapiro Decl. ¶ 8 (though 5 were withheld for privilege). Finally, Kellogg Hansen staff attorneys reviewed the other 2,224 documents. Of those documents, 26 were deemed to be responsive and were produced, and 5 were deemed to be privileged. X Corp. has identified the privileged documents on a supplemental privilege log. Fetterman Decl. ¶ 3.

In combination, counsel for X has now reviewed the universe of inadvertently excluded documents from Mr. Baseer's files and has now produced or identified on a supplemental privilege log all the documents identified as responsive.

Dated: March 27, 2026,

| | /s/_*Stephen J. Zralek*_____ |
| --- | --- |
| | Stephen J. Zralek (No. 18971) |
| | S. Chase Fann (No. 36794) |
| | SPENCER FANE LLP |
| | 511 Union Street, Suite 1000 |
| | Nashville, Tennessee 37219 |
| | Telephone: (615) 238-6300 |
| | Facsimile: (615) 238-6301 |
| | szralek@spencerfane.com |
| | cfann@spencerfane.com |

|  | Joshua D. Branson (*pro hac vice*)<br>Scott H. Angstreich (*pro hac vice*)<br>Andrew C. Shen (*pro hac vice*)<br>Dennis D. Howe (*pro hac vice*)<br><br>KELLOGG, HANSEN, TODD, FIGEL &<br>FREDERICK, P.L.L.C.<br>1615 M Street NW, Ste 400<br>Washington, DC  20036<br>Tel: (202) 326-7900<br>jbranson@kellogghansen.com<br>sangstreich@kellogghansen.com<br>ashen@kellogghansen.com<br>dennis@kellogghansen.com<br><br>*Attorneys for Defendants* |
|---|---|

9

# CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, I filed the foregoing document with the Court and served it on counsel through the Court's CM/ECF system.  Notice of this filing will be sent to all parties and counsel of record by operation of the Court's CM/ECF system.

John R. Jacobson
Steven Allen Riley
Timothy G. Harvey
Riley & Jacobson, PLC
jjacobson@rjfirm.com
sriley@rjfirm.com
tharvey@rjfirm.com

Kathleen E. Wills
Keith T. Howell
Matthew J. Oppenheim
Meredith E. Stewart
Scott A. Zebrak
Jeffrey M. Gould
Oppenheim & Zebrak, LLP
kwills@oandzlaw.com
khowell@oandzlaw.com
matt@oandzlaw.com
mstewart@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

Alexander Kaplan
Andrew L. Guerra
Carly Rothman
Daryl Lian Kleiman
Oppenheim & Zebrak, LLP
alex@oandzlaw.com
andrew@oandzlaw.com
carly@oandzlaw.com
dkleiman@oandzlaw.com

*/s/ Stephen J. Zralek*
    Stephen J. Zralek